## GARDNER v. WILLIAM METTLER, INC.

[No. 16,302. Filed December 20, 1938.]

*Oscar B. Thiel* and *Ray C. Thomas,* for appellant.

*Harry J. McMillan,* for appellee.

BRIDWELL, J.—Appellant filed with the Industrial Board his application for adjustment of his claim for compensation against appellee, alleging disability by reason of an accident arising out of and in the course of his employment by appellee as an automobile salesman. In his application he states that, on November 13, 1937, at the time of the accident he was engaged in moving "cars from the front of a lot to the rear thereof," and that while so doing he slipped and fell, and his shoulder and back struck the rear bumper of the car and the ground, causing "an undetermined injury to the spine and a forward dislocation of the head of the left humerus which were not discovered until March 10, 1938, and resulted in the formation and growth of adhesions in the area of the injury."

Such proceedings were had as resulted in an award made by a majority of the members of said board, after hearing application for a review of an award by one member, denying appellant compensation. He appeals, assigning as error that the award is contrary to law.

The sufficiency of the evidence to sustain the award is questioned by appellant, and he also asserts that from the evidence introduced an entirely different result should have been reached, and an award of compensation in his favor rendered.

We have read the evidence. No good purpose would be served by summarizing it here. Insofar as it relates to the question of disability, there is competent evidence, consisting of the testimony of physicians who examined appellant at various times, from approximately one week after the claimed injury until just before the date of hearing by a single member of the board, which occurred more than six months later, from which the board might and reasonably may have concluded that any disability

existing was not due to the accidental injury claimed. As has been often stated, this court is precluded from weighing the evidence, and will not disturb an award where there is competent evidence to sustain it.

Award affirmed.