U. S. Fiber Glass Industries, Inc. *v.* Berry.

[No. 20,303. Filed May 13, 1965. Rehearing denied June 15, 1965.]

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellant.

*Emison & Emison* and *Thomas S. Emison,* of Vincennes, for appellee.

HUNTER, J.—This is an appeal from an award of maximum compensation entered by the Industrial Board for the benefit of Martha Berry, widow of Robert E. Berry, in which the Board determined that said Robert E. Berry sustained an accidental fatal injury out of and in the course of his employment.

Appellant asserts that the award of the Industrial Board is contrary to law in that the employee-decedent was not fatally injured out of and in the course of his employment.

Appellee's decedent was employed by appellant as its sales manager. He was fatally injured while returning from South Bend, Indiana in an airplane crash with the general manager of appellant, U. S. Fiber Glass Industries, Inc., John Uland. See *U. S. Fiber Glass Industries* v. *Ann S. Uland* (1965), 137 Ind. App. 278, 206 N. E. 2d 385, 5 Ind. Dec. 325.*

Edward Doyle, the sales representative of Royal, Incorporated, Midwest, a supplier of plastic raw materials, had invited the general manager, Uland, to the Notre Dame-Oklahoma football game. Uland accepted this invitation. We have determined that the Board did not commit error in deciding that Uland's death arose out of and in the course of his employment in that Uland's duties as general manager warranted such a trip in which "business was mixed with pleasure." *U. S. Fiber Glass Industries* v. *Ann S. Uland, supra.*

Appellant cites *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, 44 N. E. 2d 998 in arguing

---

*We have previously considered an appeal by the same appellant contesting an award by the Board for fatal injuries to John Uland arising out of the same accident in that case.

that the Board committed error in finding that decedent's death did not arise in the course of his employment. We again assert, as we did in *U. S. Fiber Glass Industries* v. *Ann S. Uland, supra,* that *Tom Joyce* is not compelling authority for reversal of the instant case primarily because of the distinguishing factor that the employee's duties in the former case as a "driver-salesman" did not contemplate "bowling" whereas in the instant case, Berry occupied a managerial position which position might call for this type of trip. In this regard, we find that Berry had many diverse duties in his employment which required him to travel often in pursuance of his employer's business. Appellant also cites *Rohlwing* v. *The Wm. H. Block Company* (1953), 124 Ind. App. 97, 115 N. E. 2d 450 as authority for reversal of this case. In that case, the appellant employee, a saleslady, was injured while entertaining a saleslady for a prestige line of merchandise. There was a dispute in the evidence before the Board as to whether the employee was acting pursuant to the implied consent of her employer. In upholding a finding by the Board which had denied compensation to the employee, this court stated at pp. 102-103 " . . . that an award of the Board cannot be set aside unless all the evidence is undisputed and not contradicted and leads inescapably to the sole conclusion that appellant was entitled to an award of compensation." (citing cases). We readily adhere to this axiom. However, the *Rohlwing* decision is not authority for *reversal* of the instant award. In *Rohlwing* there was a negative finding by the Board to the effect that the employee was not injured in the course of her employment, indicating that appellant did not sustain her burden of proof below. Here, we have an award of compensation, indicating that appellee sustained her burden of proof which we likewise will no'

disturb unless all the evidence is undisputed and leads inescapably to the sole conclusion that appellee was not entitled to an award of compensation. *Rohlwing* v. *The Wm. H. Block Company, supra.* There is evidence in the record from which the Board could have found or upon which reasonable inferences could be based to the effect that appellee's decedent was acting pursuant to the direction of his only superior, John Uland, general manager of appellant company.

Following is a condensed recital of the evidence from which the Board could have found or inferred therefrom that Berry was acting under directions from his superior: the widow, Martha Berry, stated that

> "John (the general manager) wished him to go, I remember he said John wished him to go, and they were meeting somebody in South Bend and he didn't know—their business was such in the press of a day one was going one way and one another, that they didn't have—often-times didn't iron out every detail but John wanted him to meet a person or persons, he didn't know just who but John wanted him to go."

There was also further testimony to this same effect by her.

One Elestia Beamon testified that the decedent, on the night before the trip, stated that

> "He wasn't feeling well and he said, 'I wouldn't make the trip if I didn't think John needed me because I don't think he can swing this deal by himself.' I don't know what deal he was talking about at all."

Appellant, in its brief, conceded the admissibility of the foregoing declarations.**

---

**Appellant's brief, p. 95.

By going on the trip under the specific direction of his superior, the employee Berry would be acting in the course of his employment when applying the following test: Was the employee at the time of accident in the performance of his duties for the employer and were these duties *required by, or incidental to his employment?* Rohlwing v. *The Wm. H. Block Company, supra,* at p. 104. We are of the opinion that the Board had before it ample evidence of probative value upon which it could base an affirmative answer to the above test question.

Therefore, considering the wide scope of his duties as sales manager which necessitated frequent trips away from home, plus the evidence that his superior specifically directed Berry to accompany him on the trip, we must conclude that no error was committed by the Industrial Board in its holding that decedent's death arose out of and in the course of his employment.

The award of the Full Industrial Board should therefore be affirmed.

Award affirmed.

Bierly, P.J., Mote and Smith, JJ., concur.

NOTE.—Reported in 206 N. E. 2d 888.