KCL CORPORATION, ETC. *v.* PIERCE, A/K/A WERNSING.

[No. 20,615. Filed May 31, 1967. Rehearing denied June 28, 1967. Transfer denied March 26, 1968.]

*Smith & Steckbeck, Robert S. Smith, David A. Steckbeck,* and *William C. Moore,* all of Indianapolis, for appellant.

*Brunner, Brown & Brunner, Emerson J. Brunner, Warren M. Brown, Donald L. Brunner,* and *Phillip W. Brown,* all of Shelbyville, for appellee.

PFAFF, C. J.—This appeal arises from an award of the Full Industrial Board of Indiana under the Indiana Workmen's Compensation Act, Burns' Indiana Statutes, § 40-1202.

The facts material to a determination of the issues presented are as follows:

On January 15, 1964, the date of the injury, appellee arrived at her place of employment, the KCL Corporation, at seven o'clock in the morning. Upon arrival the owner of the automobile in which appellee was riding was ordered to park in the overflow lot. At around 3:30 p.m. on said date, appellee obtained a different ride home and after "signing out" at approximately 4:00 p.m. walked directly to the employee's parking lot. During the day snow had fallen and the said automobile in which she was to ride home was stuck. While attempting to push the car, the appellee slipped and twisted her leg, thus causing the injury for which she is seeking recovery.

The application for compensation was originally filed March 12, 1964 by the appellee, Betty Wernsing Pierce, a/k/a Betty Wernsing. The appellee was awarded compensation by the

single member. The Full Industrial Board upon a hearing of appellant's Petiton for Review by the Full Board of the original award affirmed the award of the single member. We quote from the award of the Full Industrial Board.

"BE IT REMEMBERED, that pursuant to notice fixing the time and place therefor, the above captioned cause was called for hearing and review before the Full Industrial Board of Indiana in the hearing room of said Board, Indiana State Office Building, 110 North Senate, Indianapolis, Marion County, Indiana, on the 5th day of May, 1966, at 9:00 A.M., on defendant's Form 16 application filed November 29, 1965.

"Plaintiff appeared by her attorney, Phillip W. Brown; defendant appeared by its attorney, David A. Steckbeck.

"The Full Industrial Board of Indiana having heard the arguments of counsel and having reviewed all the evidence in said cause and being duly advised in the premises therein, now finds:

"That on January 15, 1964, the plaintiff was in the employ of the defendant at an average weekly wage of $50.00; that on said date she sustained an accidental injury by reason of an accident arising out of and in the course of her employment with the defendant, of which the defendant had knowledge, but did not furnish the statutory medical attention and supplies.

"It is further found that plaintiff was temporarily totally disabled from January 16, 1964, to May 4, 1964, at which time her disability ended.

"It is further found that plaintiff incurred the following medical expenses as a result of her accidental injury: Dr. David Silbert, $131.00; Dr. Thomas Horowitz, $50.00, and the Inlow Clinic (Dr. Norman Richards) $193.00.

"It is further found that plaintiff's injury has reached a permanent and quiescent state and has resulted in a 20 percent permanent partial impairment to plaintiff's right leg as a whole.

"Said Full Industrial Board of Indiana now finds for the plaintiff and against the defendant on plaintiff's Form 9 application filed March 12, 1964.

"A W A R D

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana

that plaintiff have and recover of and from the defendant compensation at the rate of $30.00 per week, beginning January 16, 1964, to May 4, 1964, for plaintiff's temporary total disability, and in addition thereto, compensation for a specific period of 45 weeks at the rate of $30.00 per week for a 20 per cent permanent partial impairment to plaintiff's right leg as a whole.

"It is further ordered that all compensation due and payable be brought up to date, paid in cash and in a lump sum.

"It is further ordered that all compensation payable by virtue of this award shall be paid direct to plaintiff, except as hereinafter ordered paid plaintiff's attorney.

"It is further ordered that the fees of plaintiff's attorney shall be: a minimum fee of $25.00; and in addition thereto, 20% upon the first $1,000 recovered; 15% upon the second and third $1,000 recovered; and 10% upon all sums in excess thereof; said fees to be paid by the defendant direct to plaintiff's attorney: PHILIP W. BROWN, with credit to the defendant against the compensation herein awarded plaintiff for all sums paid out as attorney fees; in accordance with this award.

"Dated this 1 day of June, 1966.

"FULL INDUSTRIAL BOARD OF INDIANA"

It is from this award of the Full Industrial Board of Indiana that the appellant has appealed, assigning as error that the award is contrary to law and is not sustained by sufficient evidence.

Under this assignment of error appellant contends that:

1. The award contains no evidence of probative value that appellee sustained an accidental injury arising out of and in the course of her employment.

2. The findings and award of the Full Industrial Board is contrary to law in that there is no authority in this jurisdiction for awarding compensation to an employee injured upon the employer's premises unless there is sufficient evidence to support a finding that said employee had the intention of serving his employer at the time of the injury.

The Workmen's Compensation Act of Indiana requires proof that the injury sustained occurred as a result of an accident arising out of and in the course of the employment.

Burns' § 40-1202, *supra,* provides in part:

"From and after the taking effect of this act. . . . every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment. . . ."

Many tests have been set forth to determine whether the aggrieved party was in the course of employment when the injury occurred. The most recent test set forth by this Court was in the case of *U. S. Fiber Glass Industries, Inc.* v. *Berry* (1965), 137 Ind. App. 302, 206 N. E. 2d 888 at p. 890.

" . . . Was the employee at the time of accident in the performance of his duties for the employer and were these duties required by, or incidental to his employment . . . ?"

See also, *Rohlwing* v. *The Wm. H. Block Company* (1953), 124 Ind. App. 97, 115 N. E. 2d 450.

In the case at bar, the uncontroverted evidence states that appellee prior to receiving her injury had punched out and had terminated her duties for that particular day. The evidence also shows that the nature of appellee's job did not require that she engage in any further work after she had "rung out" for the day.

It is the opinion of this Court that the evidence fails to establish that the appellee's injury occurred while in the course of her employment.

This Court in *U. S. Steel Corp.* v. *Cicilian* (1962), 133 Ind. App. 249, p. 258, 180 N. E. 2d 381, stated:

" . . . The evidence is uncontradicted that the occurrence took place during decedent's noon lunch hour when he and

his said co-workers 'were not performing any work.' Such circumstances prohibit any reasonable or logical presumption that solely because decedent was on the premises of appellant at the time his fatal injuries were received, the same, therefore, arose out of and in the course of his employment."

This rule of law is supported by Small's Workmen's Compensation Law of Indiana, § 7.10, p. 177, in which he states that "under certain circumstances compensation may be given if it can be shown that the workman was, at the time of the injury, on his way to work, or was on the way from work. In those cases where compensation has been given for such injuries, the primary object of the workman seemed to be the carrying out of his job rather than the pursuit of a personal objective."

We find no merit in appellee's contention that being on the premises is conclusive of the fact that she was in her course of employment. Although being on the premises is a factor which may be considered in determining whether the aggrieved party is in the course of her employment, it is not controlling. To be in the course of employment the aggrieved party must be performing a duty owed to his employer which is required by or incidental to his employment.

It is the opinion of this Court that the award of the Full Industrial Board was contrary to law because at the time of the injury the appellee was not performing a duty owed to her employer which was either required by or incidental to her employment.

We readily concede that the phrase "arising out of and in the course of the employment," should be and has been construed by our courts with justifiable liberality, but liberality becomes unjustifiable when indulged to the extent that the contract between employer and employee, as embodied in the Workmen's Compensation Act becomes one of insurance against accidents not related to the employment.

The award of the Full Board herein appealed from is reversed.

Bierly, Cook and Smith, JJ., concur.

NOTE.—Reported in 226 N. E. 2d 548.