JEFFRIES ET AL. v. PITMAN-MOORE COMPANY ET AL.

[No. 12,215. Filed May 21, 1925.]

1. MASTER AND SERVANT.—*Accident in "course of employment" within the Workmen's Compensation Act.*—Within the provisions of the Workmen's Compensation Act, an accident occurs in the course of the employment when it takes place within the period of employment, at a place where the employee may reasonably be while fulfilling the duties of his employment or engaged in doing something incidental to it. p. 161.

2. MASTER AND SERVANT.—*Period of employment generally includes time for going to or from place of work, while on employer's premises.*—The period of employment, within the meaning of the Workmen's Compensation Act, generally includes a reasonable time for ingress to and egress from the place of work, while on employer's premises. p. 161.

3. MASTER AND SERVANT.—*Injury received while going to work when driving over roadway constructed for use of employees in going to and from work, held in course of employment.*— Where the superintendent of a department in a factory, while on his way to work, at the usual and customary time and manner of going, and while driving an automobile over a roadway on employer's premises constructed and maintained for the use of the employees in going to and from the factory building, was accidentally killed by collision with an interurban car, the death was the result of an accident which arose out of and in the course of the employment (*Moore v. Sefton Mfg. Corp., 82 Ind. App. 89, distinguished*). p. 164.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Elizabeth Jeffries and another against the Pitman-Moore Company. From a denial of an award, the claimant appeals. *Reversed.* By the court in banc.

*R. P. Bundy,* for appellants.

*Joseph G. Graham* and *Turner, Adams, Merrell & Locke,* for appellees.

REMY, J.—Emmett M. Jeffries was employed by appellee Pitman-Moore Company, hereinafter designated

as appellee, as a department foreman of its manufacturing business. The building in which Jeffries was required to work was located on appellee's premises about seven hundred feet from a public highway; and for the use of employees and others having business with appellee, there was an improved private roadway, constructed and maintained by appellee, from the public highway over appellee's premises to the building. At a point about two hundred feet from the building, and between the building and the highway, the private roadway was crossed at right angles by an interurban electric railway over which cars were regularly operated. Under his contract of employment, Jeffries, on the days he worked, was required to commence work at 7:00 o'clock a. m. On July 2, 1924, at 6:45 in the morning, when Jeffries was on his way to work at the "regular time of going," and while riding in his own automobile on appellee's private roadway, as had at all times been his custom, he was accidentally killed at the crossing of the private way and the interurban railroad, as a result of a collision of the automobile and an interurban car. The private roadway over which Jeffries was going at the time of the accident was in general use by the employees of appellee as the way over appellee's premises to the place of work, and was the "only and customary way" to go.

The facts as stated having been established by the evidence and found by the Industrial Board, there was an order denying compensation to appellants, the dependents of Jeffries. From the order this appeal is prosecuted.

The question for determination is: Under the facts as found by the Industrial Board, did the accident which resulted in the death of Jeffries arise out of and in the course of his employment?

It is urged by appellee that the accident did not occur

in the course of the decedent's employment, because the time for him to commence work had not yet arrived, and for the further reason that the accident did not occur in the building which was his place of work.

Under the rule that the Workmen's Compensation Act must be liberally construed to the end that its humane purposes may be accomplished, a construc-

1. tion of the act that would limit its benefits to the time the workman was actually at work with his tools at his place of work would be too narrow; so also a construction that would deny compensation for all accidental injuries which did not occur until at or after the moment when work under the employment contract was to begin. *Indian Creek Coal, etc., Co.* v. *Wehr* (1920), 74 Ind. App. 141, 151, 127 N. E. 202.

This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place

2. within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it. *Granite Sand, etc., Co.* v. *Willoughby* (1919), 70 Ind. App. 112, 123 N. E. 194; *In re Ayres* (1918), 66 Ind. App. 458, 118 N. E. 386. It is also well settled that the period of employment generally includes a reasonable time for ingress to and egress from the place of work, while on the employer's premises. Artman's Manual p. 37, and cases cited; *Pace* v. *Appanoose County* (1918), 184 Iowa 498, 168 N. W. 916. In the case of *Wabash R. Co.* v. *Industrial Com.* (1920), 294 Ill. 119, 128 N. E. 290, the Supreme Court of Illinois, in a well-considered opinion, said: "It is ordinarily held that if an employee is injured on the premises of the employer on going to or from work he is entitled to compensation

for such injuries. * * * The employment is not limited to the exact moment when the workman reaches the place where he begins his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident."

*Nichol* v. *Young's Paraffin Light, etc., Co.* (1915), 52 S. L. R. 354, 8 B. W. C. C. 395, is a case in which the facts are similar to those in the case at bar. There, as here, the employee when injured was on his way to work over a private way provided by his employer. As in the case before us, the question was whether the employee's injuries arose out of and in the course of his employment. The court in holding that the accidental injury to the employee while on his way to work over the private way furnished by the employer was compensable, in discussing the question, said: "The accident occurred at the place I have mentioned. The question is, did it arise out of and in the course of the man's employment? I think it did, for it is now well-settled law that an accident arising out of and in the course of a man's employment may befall him before he has actually reached the place at which he is engaged to work, when he is on his way to that place or is leaving that place. The circumstances will determine whether or no the accident arose out of and in the course of his employment; but a man may be within the scope and sphere of his employment even although he is not actually engaged at his working place, as was laid down by Farwell, L. J., in the case of *Gane* v. *Norton Hill Colliery Co.,* (1909) 2 K. B. 539, 2 B. W. C. C. 42, which was cited to us. His Lordship says: 'It is well settled that the employment is not confined to the actual working, whether in a pit or at any other trade, in which the workman may be engaged. He is

employed not only to work in the pit, but also to do other things that he is entitled to do by virtue of his contract of employment; for example, he is entitled to do, and therefore employed to do, such acts as coming to the employer's premises, passing and repassing for all legitimate purposes connected with his work on the premises, such as getting to the pit's mouth, going to get his wages, going to make proper inquiries from proper officers, or taking a train which he is entitled to use by virtue of his contract of service.' That opinion appears to me to describe with perfect accuracy the scope and sphere of the workman's employment in the case before us, for he was entitled to be there— employed to be on his master's premises on this road for the purpose of getting to and from his work."

In the case of *Judson Mfg. Co.* v. *Industrial Acc. Com.* (1919), 181 Cal. 300, 184 Pac. 1, the Supreme Court of California had before it a case in all material respects the same as the case at bar. The facts in that case showed that the sole way of ingress and egress to and from the employers' factory building was along a pathway over the tracks of a railroad. The path was not a public way, but, as stated by the court, was a private crossing "dominant as to user in the employer, servient to its purposes, and intimately associated with its plant as a part of its necessary establishment." It was on that crossing that the employee was killed while on his way to work, at a point twenty feet from the factory gate, and five minutes before time for the employee to commence work. The court held that the death of the employee was the result of an accident which arose out of and in the course of his employment.

Another case, in which facts are similar, is *Western Coal Co.* v. *Industrial Com.* (1921), 296 Ill. 408, 129 N. E. 779. In that case the employee lost his life when struck by a railroad train which was being operated on

a right of way through the employer's premises.    At the time the employee was struck by the train, he was walking upon the railroad with permission of the employer, and as was the custom of the employees.    The employee was not yet at work, but was going to a certain part of the premises to change his clothes preparatory to going into a mine to work.    The court held that the employee lost his life as a result of an accident which arose out of and in the course of his employment.

The instant case is not that of an employee being injured on his way to work over a way, and at a time, of his own choosing.    Jeffries was going to work over a roadway through the premises of his employer—a way prepared and maintained by his employer for the use of himself and his coemployees in going to their place of work.    It was the way that his employer intended that he should go.    He was going, too, at the usual time for him to go.    He was superintendent of a department.    Under his contract of employment, it was his duty to be in the factory building to commence work at 7 o'clock in the morning.    If he was to be in his place of work ready for the men in his department to begin work at 7 o'clock, it was necessary for him to be on his way before that time.    If he was a faithful and competent superintendent, he would see to it that he was at his place of work sufficiently early in the morning that he would have time to park his automobile, change his clothes, if necessary, and see to it that all was in readiness in his department before the time fixed for work to commence.    At any rate, he was going to work at the usual and customary time for him and other employees of the factory to go.    It would be a harsh rule to deny compensation to an employee for an accidental injury which occurred but a few minutes before the time fixed for his work to begin, and

at a place which faithful service on his part required him to be at that time, preparatory to commencement of the day's work. We do not mean to hold that under any and all circumstances compensation is to be allowed an employee who is injured on the premises of his employer on his way to work. What we do hold is that where a factory employee, while going to work at the usual and customary time and manner of going, and over a roadway constructed and maintained by the employer for the use of the employees in going to and from the factory building, is accidentally killed on such roadway, near his place of work on the premises of the employer, the death is the result of an accident which arose out of and in the course of the employment.

The case of *Moore* v. *Sefton Mfg. Corp.* (1924), 82 Ind. App. 89, 144 N. E. 476, cited by appellee, is readily distinguished. In that case, the employee was injured while on his way to a nearby restaurant to get lunch at the noon hour, and was denied compensation. The employee was not required under his contract of employment to go to the restaurant for lunch. He could, as many of his coemployees did, bring his lunch with him and eat the same at the factory. Going to the restaurant for lunch was, under the facts of that case, of his own choosing. As this court said in its opinion, he "was doing an act which he was entitled to do, but he was not doing an act which he owed his employer the duty to do." In the case at bar, the employee was at the time of the accident going to work, a duty he owed to his employer, and was proceeding through the premises of his employer over a way prepared and maintained by his employer for that purpose.

The order of the Industrial Board denying compensation to appellants is contrary to law.

Reversed.