Arthur Winer, Inc. *v.* Review Board of the Indiana Employment Security Division et al.

[No. 18,059. Filed November 29, 1950.]

*Edward B. Raub, Jr.;* and *White, Wright, Raub & Forrey* (of counsel), all of Indianapolis; *Donald J. Yellon;* and *D'Ancona, Pflaum, Wyatt & Riskind* (of counsel), all of Chicago, Illinois, for appellant.

*Murray H. Finley,* of Chicago, Illinois, and *A. J. Wilhelm,* of Indianapolis, for appellee.

DRAPER, J.—The question here is whether the appellee was disqualified for benefits because she was discharged for misconduct in connection with her work, in accordance with the provisions of § 1501 of the Indiana Employment Security Act (ch. 208, Acts 1947; Burns' 1933 [1949 Supp.], § 52-1539), which provides that an employee shall be ineligible for waiting period or benefit rights for a specified time if he "has been discharged for misconduct in connection with his work."

The local deputy determined that the appellee was ineligible to receive benefits for the specified period. The appeals referee affirmed. The review board, by a

majority of its members, reversed the decision of the appeals referee and held that the appellee was not discharged for misconduct in connection with her work, and that she is entitled to benefit rights without disqualification.

The appellee operated a serging machine in appellant's garment factory. She was an experienced operator. There is evidence that she persistently disregarded instructions and warnings about oiling her machine, and wilfully failed and refused to oil it properly or sufficiently, which resulted in the burning out of five bearings in eight months; that she said she didn't have time to keep oiling her machine. There is also testimony to the effect that the same trouble was not encountered with other serging machines in appellant's establishment, nor with appellee's machine when it was operated by others. On the other hand there is testimony that the appellee oiled her machine 5 times a day; that oil was always seeping out of the valve; that she had complained to the mechanic about her machine quite a bit and he tried to fix it, but couldn't; that she never said she didn't have time to keep oiling her machine; that bearings sometimes burn out even if the machine is taken care of.

Section 1812 of the Act, being Burns' 1933 (1949 Supp.), § 52-1542k provides that "Any decision of the review board shall be conclusive and binding as to all questions of fact." We have accordingly held that this court may not weigh the evidence. We must accept the facts as found by the board, and can disregard them only in the event that they are not sustained by any evidence of probative value. *Merkle* v. *Review Board of Indiana Emp. Sec. Div.* (1950), 120 Ind. App. 108, 90 N. E. 2d 524, and cases therein cited.

We have endorsed the statement that to constitute "misconduct" within the meaning of this legislation, "an act must show a wanton or wilfull disregard for the employer's interests, a deliberate violation of the employer's rules, or a wrongful intent." *Merkle* v. *Review Board of Indiana Emp. Sec. Div., supra.* It is conduct "evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." *Boynton Cab Co.* v. *Neubeck* (1941), 237 Wis. 249, 296 N. W. 636. And see *Massengale* v. *Review Bd., etc.* (1950), 120 Ind. App. 604, 94 N. E. 2d 673.

We think the evidence most favorable to the appellant would have justified the imposition of the penalty, but that most favorable to the board's decision justifies that decision, and in that situation we are not at liberty to interfere.

The issue was whether the appellant was justified in discharging the appellee for misconduct. The only misconduct attributed to the appellee was that growing out of her asserted failure and refusal to properly and sufficiently oil the machine after repeated instructions and warnings so to do. The burden of proving misconduct rested on the appellant. *Boynton Cab Co.* v. *Giese* (1941), 237 Wis. 237, 296 N. W. 630. After weighing the conflicting evidence on the subject the board apparently concluded that appel-

lant had failed to sustain that burden. The decision is supported by evidence of probative value and must therefore be affirmed.

So ordered.

NOTE.—Reported in 95 N. E. 2d 214.