SCOTT *v.* STEENE SCHOOL TOWNSHIP OF KNOX COUNTY, INDIANA.

[No. 18,095. Filed December 7, 1950. Rehearing denied January 13, 1951. Transfer denied April 27, 1951.]

*William P. Dennigan,* of Vincennes, for appellant.

*Rosenfeld & Wolfe,* of Terre Haute, for appellee.

WILTROUT, C. J.—The full Industrial Board entered an award denying appellant compensation for personal injuries, and appellant seeks a review thereof.

The board found: "That on the 3rd day of May, 1948, the plaintiff was employed by the defendant at an average weekly wage in excess of $32.50 and that on said date plaintiff received personal injuries which did not arise out of and in the course of his employment." The board also denied appellant's petition to introduce additional evidence before the board.

Appellant was employed by appellee as a school janitor. It is undisputed that he suffered personal injuries on May 3, 1948, while he was working in appellee's school building. Appellant presented evidence to the effect that he was performing work for appellee in repairing a bookcase when he was injured. Appellee's position is that appellant was working on an election booth. Both parties to this appeal accept the proposition that if appellant was working on an election booth at the time of his injury, his injury did not arise out of and in the course of his employment with appellee.

*Board of Com'rs. of Allen County* v. *Gable* (1944), 115 Ind. App. 102, 57 N. E. 2d 69.

The finding of the board was a negative finding against appellant, who had the burden of proof. The board found in effect that appellant did not sustain such burden. The finding cannot therefore be attacked on the ground that there was a lack of evidence to support it, as a decision against the party having the burden of proof does not rest upon the quantum of evidence. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116.

The award of the board cannot be set aside unless all the evidence is undisputed and not contradicted and leads inescapably to the sole conclusion that the appellant was entitled to an award of compensation. *Wright* v. *Peabody Coal Co., supra; Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1948), 225 Ind. 517, 75 N. E. 2d 662; *Kemble* v. *Aluminum Co. of America* (1950), 120 Ind. App. 66, 90 N. E. 2d 134.

The evidence discloses that there were election booths in the school house, which are left there from one election to another. Appellant was a precinct committeeman. The day before his injury he had carried the booths from the basement and set them up. The day following the injury was an election day.

A written statement made by appellant's son was introduced in evidence. This statement is also signed by appellant's wife and daughter-in-law. In this it is stated: "I was at home on May 3, 1948 around noon when Dad came home. My wife, my Mother and I were at home. He told me that he was reaching up to saw a board on his tip toes. He said he was making a booth."

We gather from the briefs that both parties are under the impression that a document containing an-

swers by appellant to certain questions propounded to him by one E. J. Schneider was introduced in evidence and contains admissions by appellant that he was working on election booths. Appellant attempts to avoid the effect of such answers. We have carefully examined the transcript and do not find where this exhibit was ever offered or introduced in evidence. The exhibit itself is not contained in the transcript, and we are therefore unable to consider the same.

The facts in this case were not established without controversy or opposing testimony. There was conflicting evidence as to whether appellant was performing work for his employer or not at the time he was injured. The weight and credibility of the evidence were matters for the board to decide, and we may not disturb its conclusion.

Appellant's proposition that the board abused its discretion in denying his petition to introduce additional evidence before the full board is not supported by argument. Any alleged error was waived. *McCord* v. *Strader* (1949), 227 Ind. 389, 86 N. E. 2d 441.

Award affirmed.

Martin, J., dissents.

NOTE.—Reported in 95 N. E. 2d 308.