ROHLWING *v.* THE WM. H. BLOCK COMPANY.

[No. 18,431. Filed November 13, 1953.]

*William B. Weisell, Slaymaker, Locke & Reynolds,* all of Indianapolis, for appellant.

*James E. Rocap, John T. Rocap* and *James E. Rocap, Jr.,* all of Indianapolis, for appellee.

KENDALL, C. J.—In this case, a majority of the Full Industrial Board denied the appellant compensation,

reversing a hearing member who had theretofore made an award in favor of appellant. The sole question presented is whether or not the injury suffered by appellant in the action complained of arose out of and in the course of appellant's employment with appellee company.

Appellant assigns as error the following:

1. That the award is contrary to law.
2. That the award is not supported by sufficient evidence.
3. That the evidence is not sufficient to sustain the findings of fact of the Full Board.

The only proper assignment of error is: The award is contrary to law. *Scott* v. *Rhoads* (1943), 114 Ind. App. 150, 51 N. E. 2d 89.

The evidence is in sharp conflict as to the authority granted appellant, implied or otherwise, to entertain salespeople. The appellant contends she was entertaining Mrs. Harris, a sales-lady for a prestige line of merchandise at the request of Carl A. Braunschweiger, her immediate superior. She further contends that it was the custom of appellee for employees in her position to entertain suppliers of merchandise to be sold in the store without direction or knowledge of superior officers.

A portion of the evidence pertinent to the issue involved, given by appellant, is as follows:

"Q. Will you state the custom, if there was a custom, as to the entertainment of such sales representatives?

"A. Well, if she had for instance, had a line, their prestige line of merchandise, that we thought sufficiently important to the store, we would accord those people more attention than we would the ordinary line, that what you mean?

"A. Yes."

. . .

"Q. Do you recall who introduced you to Mrs. Harris?

"A. Mr. Braunschweiger.

"Q. Did you have any conversation with Mr. Braunschweiger concerning your meeting, concerning Mrs. Harris' stay in Indianapolis?

"A. The first time Mrs. Harris came—

"Q. (Interposing) That was October, 1948?

"A. October, 1948? Why I don't remember the date exactly, we can verify it. Mr. Braunschweiger was very busy that evening and he asked would I take Mrs. Harris to dinner, and I said I would."

. . .

"Q. Now, directing your attention to September 24, 1949, was that or was that not on another occasion of Mrs. Harris' trip to Indianapolis?

"A. She came with her advance spring collection of materials, came in the Fall with the Spring delivery, she came in with the Spring Line, she came in on Friday afternoon, came to the store on Saturday, so we could get the trunks from the station for a showing Monday morning."

. . .

"Q. Did you have any conversation with Mr. Braunschweiger concerning the entertainment of Mrs. Harris on that occasion?

"A. Yes, he told me when she came in on Friday that she was alone and that he was busy and could I do something about taking her out to dinner because she would have a lonely weekend."

. . .

"Q. And did you arrange such entertainment for her?

"A. Yes, I did."

Carl A. Braunschweiger, the immediate superior of appellant, in reference to the authority of the appellant, testified as follows:

"Q. Was it or not any part of Mrs. Rohlwing's duties there during the times she worked under you

in that department to entertain suppliers of the Wm. H. Block Company who might be in Indianapolis for the purpose of showing their merchandise in the store?

"A.   No.

"Q.   I am talking about now, did the store ever authorize, or did you as her superior ever authorize her to entertain the out of town suppliers outside of business hours, and at the company's expense?

"A.   No."

.  .  .

"Q.   Now, on any of these prior trips that she made to your knowledge had Mrs. Rohlwing ever entertained her at the request of the company and at the company's expense while she was there?

"A.   No.   Not to my knowledge."

.  .  .

"Q.   Now, prior to the closing of the store on Saturday, September 24th, 1949, had Mrs. Margaret Rohlwing said anything to you about entertaining Miss Florence Harris that night, the night of September 24th, 1949?

"A.   I don't remember that she did.

"Q.   Did she or not ask you for any authorization to entertain Miss Harris that night at the Wm. H. Block Company's expense?

"A.   She didn't ask me for such authority.

"Q.   Did you or not give her any authority or extend any expense money to her for the purpose of entertaining Miss Harris that night?

"A.   No.   I did not."

There was evidence that after appellant returned to work she did not report to Mr. Braunschweiger that she had entertained Mrs. Harris the night of the accident. Upon this conflict in evidence as to whether appellant was acting on direct or implied orders of appellee company, a majority of the Industrial Board found against appellant's contention. Under such a sharp conflict and dispute to this vital portion of the evidence,

we cannot say that the undisputed evidence could lead inescapably to the sole conclusion that appellant was entitled to an award.

In determining the question presented by this appellee, we must bear in mind that the burden of establishing each fact necessary to a legal award of compensation rested upon the appellant. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *Pioneer Coal Co.* v. *Hardesty* (1921), 77 Ind. App. 205, 133 N. E. 398. Such facts must be based on something more than mere guess, conjecture, surmise or possibility. *Swing* v. *Kokomo Steel, etc., Co.* (1919), 75 Ind. App. 124, 125 N. E. 471.

Appellant urges a custom existed in the store which created an implied direction to people in her position to entertain sellers such as Mrs. Harris. The burden of proof was on appellant to so prove, and, in view of the conflict in the evidence, she did not discharge such burden.

Mr. Braunschweiger testified that when a person was to be entertained, the matter was first discussed with a member of the firm for approval.

The finding of the Board was a negative one against the appellant. By its finding, the Board determined that appellant had not sustained the burden of proof. Such finding cannot be attacked on the grounds that there was a lack of evidence to support it, for a decision against a party having the burden of proof does not rest upon the quantum of evidence. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116; *Scott* v. *Steene School Twp.* (1950), 121 Ind. App. 206, 95 N. E. 2d 308.

It is a general rule in this state, with authorities substantiating the same, that an award of the Board

cannot be set aside unless all the evidence is undisputed and not contradicted and leads inescapably to the sole conclusion that appellant was entitled to an award of compensation. *Wright* v. *Peabody Coal Co., supra; Kemble* v. *Aluminum Co.* (1950), 120 Ind. App. 72, 90 N. E. 2d 134.

Appellant strongly relies upon the case of *Williams* v. *School City of Winchester* (1937), 104 Ind. App. 83, 10 N. E. 2d 314, as being authorities for reversal of this case.

We have carefully reviewed the Williams case, *supra,* and find several distinguishing features. In the Williams case, *supra,* there was no dispute as to direction or order; the employee, Williams, was given a definite direction to attend the meeting in Kokomo; that for Mr. Williams to attend the meeting was a part of the duties of the employee.

In the case under consideration there is conflict in the evidence as to an order being given to appellant to entertain Mrs. Harris, as well as it being a part of the duties of the appellant to entertain salesladies of prestige-line merchandise. On this type of evidence, appellant asks this court to hold that the award denying compensation is erroneous on the theory that reasonable men must inevitably conclude that she met with an accident in the course of her employment, notwithstanding the fact that there was evidence of probative value before the Board that she was without authority to entertain such sales-lady. It has long been established law that this court cannot weigh the evidence and will not disturb an order of the Industrial Board if there is any competent evidence to sustain it. *Luckey* v. *LaSalle Steel Company* (1943), 114 Ind. App. 48, 50 N. E. 2d 883; *Gardner* v. *William Mettler, Inc.* (1938), 106 Ind. App. 55, 17 N. E. 2d 850; *Jackson*

*Hill Coal & Coke Co.* v. *Slover* (1936), 102 Ind. App. 145, 199 N. E. 2d 417.

In view of the evidence and the findings of the Industrial Board and in light of the cases of *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. 2d 499; and *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 192 N. E. 762, we cannot say that the accident suffered by the appellant arose out of and in the course of employment, which cases were cited with approval in the case of *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, 44 N. E. 2d 998. It is not sufficient to show employment and an injury during the period of employment, but the employee must go further and show that the injury had its origin in a risk connected with the employment and that it flowed from that source as a rational consequence.

The test is—was appellant at the time of accident in the performance of her duties for appellee for which she had been employed to do and whether the duties so being performed at time of accident for benefit of employee were required by, or incidental to, the task she was employed to perform?

The case of *U. S. Fidelity & Guar. Co.* v. *Industrial Com.* (1934), 43 Ariz. 305, 30 Pac. 2d 846, which involved a case somewhat similar to the facts at bar, the court said:

"We think, in view of the purpose and language of our statute, and all of these matters which must be considered in its interpretation, that in order to bring a case of injury, occurring while the employee is engaged in the process of entertaining some person socially, within the purview of our Compensation Act, the injured employee must (a) be under previous instructions from his superior to do the entertaining, and (b)

these instructions must be definite enough so that they clearly apply to the person or class of persons who are being entertained, and the circumstances of the entertainment."

It may be regrettable that this lady cannot be compensated under the terms of the Workmen's Compensation Act of this state, but its provisions must not be pushed beyond the limits of their purpose. Kindness to one may well be cruelty to many. To reverse the finding of the Board would but serve a warning to employers that they might concern themselves with the social life and recreation of employees or permit their officers to do so only under penalty of liability for accidents and injuries arising from such activities.

We therefore hold that there was competent evidence together with legitimate inferences that entitled the Board to find that appellant had no general authority to entertain out-of-town sellers and that appellant had not been expressly directed or authorized by her employer or superior to entertain the sales-lady.

The finding of the Industrial Board is affirmed.

NOTE.—Reported in 115 N. E. 2d 450.