ZIEGLER *v.* TIPTON LUMBER COMPANY.

[No. 19,039. Filed February 7, 1958.]

 

*Floyd E. Harper,* of Tipton, for appellant.

*James V. Donadio, Geoffrey Segar* and *Ross, McCord Ice & Miller,* of counsel, all of Indianapolis, for appellee.

KELLEY, C. J.—Asserting that he suffered an accidental injury in the nature of a "fractured bone in lower back" arising out of and in the course of his employment by appellee while engaged in handling and stacking lumber in storage, appellant filed application for compensation. The Board found that appellant "did not sustain personal injuries by reason of an accident arising out of and in the course of his employment" with appellee and awarded that appellant take nothing as against appellee.

Appellant challenges the award on the ground that the evidence does not sustain it. This proposition appears to be based upon appellant's contention that the Board erred in "giving the defendant's (appellee's) witnesses' evidence the same amount of probative value as the plaintiff's (appellant's) evidence." Said contention, as we understand appellant's brief, is predicated upon the assertion that certain of the witnesses made statements of a contradictory or inconsistent nature and, therefore, the "weight of the evidence supports plaintiff, appellant's argument." Appellant says, in his reply brief, that *"It is not appellant's contention that there was no evidence to support such finding"* but "It is self-evident, from the foregoing facts [referring to the asserted inconsistent statements of certain witnesses], that neither of appellee's medical witness's

statements should have any probative value or weight attributed to their statements, opinions or diagnosis." (The words in the brackets are ours.)

Our examination of the testimony of the witnesses designated by appellant fails to disclose any material contradictions or inconsistencies therein nor any of such substantial and pertinent nature as to lessen or destroy the probative value of such evidence. It was not only the prerogative of the Board, as the trier of the facts, to weigh the evidence and reconcile any conflicts and inconsistencies appearing therein, but it was charged with the duty so to do. And, the Board having performed that duty, we are not authorized to weigh the evidence nor to substitute any self-generated deductions in lieu of that of the Board.

The evidence given by said witnesses was substantive and probative and was to the effect that appellant "was not disabled;" that "there is no herniated disc in the low lumbar spine;" and that he "had no impairment to any part of his body or his body as a whole" resulting from the incident of November 23, 1953, the latter being the day upon which appellant claimed he suffered the accident resulting in a fractured bone in the lower back. In view of the specious vacuity of the tendered proposal it seems bootless to inflate the opinion with an evidentiary delineation.

Appellant complains also that there was error in admitting into evidence "a movie that portrayed sporadic movements of the plaintiff (appellant), on July 4, 1956." We are foreclosed to a consideration of the fascinating proposition inasmuch as the record discloses that appellant specifically withdrew his objection to the offered item of evidence. Further, appellant did not renew any objection thereto before the Full Board.

An exhibition by lighted projection of a motion picture film taken at another and earlier date was offered and received in evidence, without any objection ■ thereto by appellant. Thereafter, appellant unsuccessfully moved to strike the film from the evidence. There was no error in denying appellant's motion to strike. It is not error to refuse to strike out evidence admitted without objection. *Newlon* v. *Tyner* (1891), 128 Ind. 466, 27 N. E. 168, 28 N. E. 59; *Brown* v. *Owen* (1884), 94 Ind. 31; *Myers* v. *Sparks* (1926), 85 Ind. App. 342, 154 N. E. 39; *Scottish, etc. Ins. Co.* v. *B. E. Linkenhelt & Co.* (1919), 70 Ind. App. 324, 121 N. E. 373.

Lastly, appellant urges that the Board erred "in strictly construing the law relative to the facts because the . . . purpose of the Act . . . calls for a ■ broad, liberal, interpretation and application of the Act . . . ." The Act referred to is the Workmen's Compensation Act. This contention contains no merit, first, because appellant supplies no support to his assumption that the Board "strictly" construed the "law;" and, second, the rule that the Workmen's Compensation Act is to be liberally construed does not relieve appellant from the burden of proving every ultimate fact which is necessary to establish his claim. *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 96, points 1, 2, 21 N. E. 2d 65.

Appellant has demonstrated no error by the record and has advanced no solid ground warranting a declaration that the award appealed from is contrary to law.

The award is affirmed.

NOTE.—Reported in 147 N. E. 2d 679.