THOMAS PRODUCTS CO., INC. *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION.

[No. 868A131. Filed October 14, 1969. Rehearing denied December 2, 1969. Transfer denied February 6, 1970.]

*John H. Baldwin,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General and *William E. Matheny,* Deputy Attorney General, for appellees.

SULLIVAN, J.—Prior to his discharge on November 8, 1967, claimant-appellee, Henry S. Gross, was employed as a machine operator by appellant Thomas Products Company, Inc. (hereinafter referred to as the employer). A claim by the employee for benefits under the Indiana Employment Security Act was denied by a claims deputy. An Employment Security Division appeals referee thereafter determined that Gross was not guilty of misconduct in connection with his work and that he was therefore, if otherwise eligible, entitled to benefits. The Review Board affirmed the decision of the referee, from which affirmance the employer prosecutes this appeal.

The Statement of Facts made by the Review Board in its decision and as supported by the record is as follows:

"* * * The employer testified that claimant was capable of performing satisfactory work and his work was generally satisfactory.

"The record shows that on November 8, 1967, the employer was informed by an employee, a witness of record, that claimant had a pistol in his possession in his car which was parked on the employer's parking lot about 4:30 P.M., November 7, 1967; that some weeks prior to November 7, 1967, this witness also had seen a small hand gun in claimant's lunch pail in the employer's shop. The employer stated: 'Twice during the morning hours of November 8 a lady that is employed there, Maxine Crail, reported [claimant] twice that day told her he had this concealed weapon * * * I called the Marion County Sheriff's office and asked for help.' Claimant and his car were searched by two deputies in the presence of the employer but no weapon was found. The employer testified that he had never seen a small hand gun in claimant's possession, and, 'If the authorities trusted a man to give a man a permit [claimant did not have a permit] to carry a gun, he would be welcome to carry it on my property.' The employer had no rule forbidding employees to carry a hand gun and on three different occasions over a period of several months he had been told that claimant had brought a pistol onto the premises but did not talk to claimant or warn him about it.

"Claimant testified that he had carried a small gun, while driving back and forth to work, to protect himself from threatened bodily harm; that the gun, while in the plant, was unloaded in his lunch pail and the bullets were in his shirt pocket. The record indicates that in the past both the employer and claimant had brought hunting guns onto the premises for cleaning and testing; and since the employer had not objected to a hunting gun, claimant thought there would be nothing wrong in bringing a hand gun onto the premises. There is no testimony of record to show claimant intended to harm any of his fellow workers.[1] Claimant's

---

[1] Appellant itself argues, "Unfortunately for the appellee, whether he himself actually intended violence, the fact that he was surrounded by violent and lawless people, was sufficient when coupled together with his unexplained display of guns, to cause terror in the minds of his co-workers."

testimony indicates that he would have discontinued bringing the gun into the plant if he had known there was any objection by the employer or other employees."

In addition thereto, the decision of the appeals referee contained factual recitations supported by the evidence to the effect that although employer's president heard reports from other employees that claimant on prior, widely separated, occasions had displayed a pistol he did not investigate the rumors because he had no reason to suspect that Gross had any violent intent. Nor did the employer question Mr. Gross as to whether he had a permit or as to the reason Gross was carrying a gun.

The "Findings and Conclusions" of the Review Board are as follows:

"The Review Board finds that claimant was employed by the employer herein approximately 18 months as a machine operator and was considered a generally satisfactory employee.

"It further finds that the employer, on November 8, 1967, discharged claimant because of reports that he was purportedly carrying a concealed weapon, and had displayed same on the employer's premises on November 7, 1967.

"It further finds that claimant, on previous occasions, had brought a small gun onto the employer's premises and the employer had been informed by other employees when this occurred.

"It further finds that prior to the date of his discharge, the employer had neither questioned claimant nor warned him about bringing a small gun onto the premises.

"It further finds that no objection by the employer to a hunting gun being brought onto the premises led claimant to believe that there would be no objection to a hand gun.

"The Review Board concludes that claimant's action does not constitute misconduct in connection with his work within the meaning of the Act since the employer had not, over a period of several months, warned claimant or objected to his bringing a small hand gun onto the premises.

"It further concludes that the employer has failed to sustain its burden of proof to show that claimant's actions or conduct represent a wanton or wilful disregard for the

employer's interests, a deliberate violation of the employer's rules, or a wrongful intent. (120 Ind. App. 604 [1950], 94 N. E. [2d] 673)."

As stated most recently in *Anderson Motor Service* v. *Review Board* (1969), 144 Ind. App. 537, 247 N. E. 2d 541,

"It is well established that the decision of the Review Board is conclusive and binding as to all questions of fact and this court may not disturb the decision unless reasonable men would be bound to reach the opposite conclusion from the evidence in the record. (Citation omitted)"

The statute here controlling, as in the *Anderson Motor Service* case, *supra,* clearly renders ineligible for benefits individuals who have been discharged for misconduct in connection with their work. Acts 1947, ch. 308, § 150, as amended and as found in Burns' Indiana Statutes Annotated (1964 Repl.), § 52-1539.

In *Arther Winer, Inc.* v. *Review Board* (1950), 120 Ind. App. 638, 95 N. E. 2d 214, as quoted in the *Anderson Motor Service* case, *supra,* the term 'misconduct' was defined as conduct "evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer."

It is the basic contention of the appellant-employer that by carrying an unlicensed firearm onto the employer's premises, the claimant committed a criminal act in disregard of the employer's interests and by frightening fellow employees violated behavioural standards which an employer has a right to impose. Appellant therefore asserts that the decision of the Review Board is contrary to law.

We would agree that under most circumstances the carrying of an unlicensed, concealed weapon onto an employer's premises without specific permission or valid reason for doing so constitutes grounds for reprimand, discipline, suspension or even termination; but in our opinion, at least under these facts, such action does not constitute statutory 'misconduct' sufficient for discharge.

The evidence here indicates that the employer had other subjective reasons more immediate and persuasive (though statutorily insufficient) for termination of Mr. Gross' employment. Claimant's son was implicated in a burglarly of employer's premises a short time prior to claimant's discharge. We need look no further than the appellant-employer's own testimony as follows:

> "I'd just like to say if Henry had not been discharged for concealed weapon or threats of a concealed weapon, he would have been discharged when I learned his boy had the tools, the air compressor, and the merchandise that had been taken from the shop. Neither can I tolerate an employee carrying a concealed weapon and frightening the other employees nor would I have him on the payroll with a minor in his family which he was responsible for . . . he is an 18-year-old boy. I would have discharged him at that time but this happened; this discharge was due to the fact that I wouldn't tolerate a revolver on the premises."

Suffice it to say, for the purposes of this appeal, however, there was ample evidence of probative value to sustain the findings and conclusions of the Review Board. Even if reasonable men might have found a conflict in such evidence, the Board weighed such conflicting evidence and determined the ultimate issue adversely to the appellant. As heretofore stated we will not disturb that decision. *Anderson Motor Service* v. *Review Board, supra; Massengale* v. *Review Board* (1961), 132 Ind. App. 587, 178 N. E. 2d 557. The facts governing the very recent decision of this court in *Indiana Bell Telephone Co.* v. *Review Board* (Aug. 11, 1969), 145 Ind. App. 144, 250

N. E. 2d 24, indicate that nothing stated in that opinion requires a conclusion different from that herein set forth.

The Review Board's denial of employer's timely and formalistically proper application for leave to submit additional evidence was also assigned as error by appellant.

The appellant's application, insofar as pertinent, states:

"The employer asks the Board to allow him (sic) to produce additional evidence and subpoena additional witnesses, to show that said employee (claimant) was guilty of many and various acts of misconduct which formed a chain of causation to the ultimate fact of carrying a gun * * *"

As required by statute, said employer stated as "good reason why such additional evidence was not introduced at the original referee hearing":

"*Some* is new evidence, unknown to Employer, that came about *after the discharge of this employee,* when other coworkers felt free to express themselves." (Emphasis supplied)

Needless to say, the record clearly shows that from claimant Gross' discharge on November 8, 1967, to January 14, 1968, the date of the hearing before the appeals referee, there was ample time for the employer to determine the necessity for such evidence as it deemed essential to support its claim that Mr. Gross was terminated for misconduct.

Rules 1 and 4 of the Indiana Employment Security Board as authorized by Burns' Indiana Statutes Annotated (1964 Repl.), § 52-1542 (e), insofar as pertinent, provide respectively as follows:

(Rule 1)   "* * * the review board may * * * affirm, modify or reverse the findings or conclusions of the referee solely on the basis of the evidence previously submitted, or upon the basis of such record and such additional evidence *as it may direct to be taken.*"
(Emphasis supplied)

(Rule 4)  "Each hearing before the review board shall be confined to the evidence submitted before the referee unless the same is an original hearing.  Provided, however, the review board *may* hear or procure additional evidence upon its own motion, or upon written application of either party, and *for good cause shown,* together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee * * *"  (Emphasis supplied)

We believe such rules in this context are self-explanatory and dispositive of appellant's contention that additional evidence was prejudicially denied.  More importantly, however, we view appellant's argument in this area as self-defeating in that it was not the fact that Gross carried a hand-gun onto the corporate premises without a permit that resulted in his discharge.  Such fact was merely "a culmination of a chain of causation".  To this extent, reasonable men could not differ in concluding that the divergent and self-serving reasons stated by appellant for discharge of Mr. Gross, do not constitute statutory cause for such discharge.

Appellant finally contends that the Review Board erred in affirming the appeals referee to the extent that said referee stated preliminarily that "since this is a misconduct case, and since the employer has the burden of proof in this case we will begin with the testimony of the employer * * *".

We agree that as a general principle parties seeking to overturn judicial or administrative findings, verdicts, judgments or decisions by resort to an appellate process hold the burden of showing the existence of reversible error.  It is not the affirmative or initiatory duty of the successful party to defend that verdict, judgment or decision.  However, in *Arthur Winer, Inc.* v. *Review Board, supra,* wherein the claims deputy and referee both denied employee-claimant benefits, the claimant appealed that negative decision to the full Review Board.  In reviewing an award made by said board to the claimant, this court very clearly held that

the burden of proving misconduct as a cause for discharge was upon the employer-appellant. Compare *National Furniture Manufacturing Co.* v. *Review Board* (1960), 131 Ind. App. 260, 170 N. E. 2d 381.[2]

Notwithstanding the status of the law relative to the burden of evidentiary proof at the hearing stage of unemployment compensation matters, it should be patently obvious that the particular reasons, whether they be right or wrong, which prompt a referee's decision are of absolutely no consequence to the review Board for the simple reason that such board considers only the evidence. Indiana Employment Security Division Rule (52-1542e)-4. The propriety of the board's decision here reviewed bears no relationship to the referee's subjective reasons for reaching his particular conclusions.

Our review of the record and consideration of appellant's argument leads to the inescapable conclusion that the decision of the Review Board was eminently correct in all respects. Said decision is therefore affirmed and the costs of this appeal are hereby assessed against appellant.

---

[2] In *National Furniture Manufacturing Co.* v. *Review Board, supra,* the claims deputy and referee both denied employee-claimant benefits and on appeal the Review Board reversed. This court affirmed the board's award to the claimant. The case concerned voluntarily termination of employment without just cause rather than misconduct. The court there held the burden to be upon the claimant to show that he left voluntarily with good cause.

The *National Furniture* case is not inconsistent with the *Arthur Winer, Inc.* case for the reason that the burden in such cases is properly placed upon the initiatory party. With reference to voluntary termination with good cause, it is the employee who is the actor, the moving party. It is he who is in possession of the facts and in whose mind the "just cause" exists. Conversely, it would be difficult, if not impossible for the employer to speculate as to the employee's reasons for leaving or to attempt to negative all possible just causes for such voluntary termination.

On the other hand, in dealing with discharges for misconduct, it is the employer who is the moving party and who is in possession of the facts and in whose mind the misdeeds of the employee constitute grounds for discharge. It would be virtually impossible for a discharged employee to bear and carry a burden of negativing every conceivable type action which might constitute misconduct.

Lowdermilk, P.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 473.