DOOLEY *v.* RICHARD'S STANDARD SERVICE.

[No. 1168A188. Filed October 16, 1969. No petitions for rehearing or transfer filed.]

*Thompson & Jones,* of Columbus, for appellant.

*Richard W. Guthrie, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellee.

Sullivan, J.—This appeal is taken from a negative award by the Indiana Industrial Board which denied claimant-appellant's application for compensation. The decision of the Full Board upheld the finding of the single hearing member to the effect that said claimant should take nothing by way of his application.

It is the position of the appellant that he received a herniated disc as a result of his activity as a service station attendant while carrying tires from the back of the service station to the front thereof which became noticeable a short time later while proceeding to put gasoline into an automobile.

The sole question for the single hearing member and the Full Industrial Board to determine was whether or not appellant sustained an accidental injury arising out of and in the course of his employment with the appellee, Richard's Standard Service. At the time of his alleged accidental injury he worked as a service station attendant and performed all of the general duties required around a service station. It is important to note the exact activity in which he was engaged at the time he claims he sustained the alleged injury. He was asked to describe what took place on the day in question, July 29, 1966, and he answered:

"A—About 11:00 o'clock, I was asked to go around to the rear of the station where there is a storage building containing cases of oil and an inventory of tires and I had to get four tires of the same size. In order to do this, I had to move part of the inventory before getting the tires of the right size I wanted. After locating them and removing them from the building, I carried the tires around from the back of the station and then, when I got to the front of the station, I laid them down in front of the station and then walked out to the drive, to the pumps closest to the station, and proceeded to put gasoline in an automobile, and when I bent over to put the gasoline nozzle into the car, I couldn't straighten up and I had a sharp pain in my back, and following that, I went to see a doctor and, finally, I got hold of a doctor to

examine me, and on that same day, I was immediately admitted to the hospital."

The above-quoted testimony of the claimant is the only evidence from which the trier of fact could possibly infer that Dooley's alleged injury was in any way related to his employment. It should be noted, however, that the claimant had been previously rejected for employment or re-employment by a different employer because a doctor had indicated a weak back on the part of Dooley thereby giving rise to a potentiality of injury. Dooley had knowledge prior to July 29, 1966, that he was considered to be an employment risk because of a back weakness.

At the outset, it should be pointed out that appellant's assignment of error to the extent that it asserts that the "award of a single hearing member and the Full Industrial Board are not supported by sufficient evidence" presents nothing for review by this court. It is not necessary for the Industrial Board or one benefitting by a negative award to justify or support such decision by reference to sufficient or preponderating evidence. It is the claimant's burden in the first instance to prove his right to compensation. See *Thomas Products, Inc.* v. *Review Board* (Oct. 14, 1969), 145 Ind. App. 425, 251 N. E. 2d 473; *Mitchell* v. *Lawson* (1969), 145 Ind. App. 141, 250 N. E. 2d 259; *Lewis* v. *Marhoefer Packing Co.* (1969), 144 Ind. App. 220, 245 N. E. 2d 685; and, *B.P.O. Elks* v. *Sponholtz* (1969), 144 Ind. App. 150, 244 N. E. 2d 923.

To the extent, however, that appellant claims the negative award to be contrary to law we need only examine the evidence hereinabove set forth within the framework of the following language from *City of Anderson* v. *Borton* (1961), 132 Ind. App. 684, 694, 178 N. E. 2d 904:

"From a review of the evidence, it is apparent that there is no evidence whatever of any increase in the work load or of any extra exertion. The evidence from Borton's own testimony shows that the so-called accident which he claims

to have caused the aggravation of his pre-existing back injury occurred as he 'reached over to raise the trap door.' There is no evidence that it was caused by lifting the door—rather it is apparent that he felt the pain as he 'reached over to raise the trap door.'

"We believe that this case falls squarely in line with the decision of our Supreme Court in the case of *U.S. Steel Corporation* v. *Dykes* (1958), 238 Ind. 599, 154 N. E. 2d 111, and followed by our Court in *Bundy* v. *Concrete Ready-Mix Company* (1960), 130 Ind. App. 542, 167 N. E. 2d 477. There is no evidence that appellee Borton suffered any unusual strain or exertion or any untoward or unusual incident of any kind which precipitated the back pains. On the contrary, there is evidence by appellee's medical doctor witness, Dr. Reed, that Borton had a constant traumatic condition and that some trivial act, such as walking about as a normal person, might cause the protrusion of the degenerated disc pressing on the nerve root.

"In view of the fact that there is no conflict in the evidence concerning the performance of the act of bending over to lift the trap door when the pain occurred, and since there was nothing unexpected nor any unusual exertion connected with this incident, and with no conflict in the evidence that appellee's back had degenerated since his first injury to a point where pain and further damage might occur merely by the act of walking about as a normal person, we are of the opinion that the evidence was insufficient to prove that the injury occurred because of any increase in his work load or of any extra exertion. We are also of the opinion that there was a lack of any evidence to prove that the act of bending over to lift a trap door was anything so unusual to appellee's customary work as to cause an aggravation of a previously existing degenerated back."

The mere fact that here a Dr. Shaffer testified that an injury in the form of a herniated disc *could have* happened at one time but the actual experience of pain delayed until a subsequent time is wholly insufficient evidence upon which to base a rational finding of causal relationship between Dooley's employment and his alleged injury.

We believe that the appellant Dooley wholly failed in his burden before the single hearing member and the Full Board. We will not, therefore, disturb the determination of said

board. The award of the Industrial Board is affirmed and the costs are hereby assessed against appellant.

Lowdermilk, P.J., and Carson, J., concur; Cooper, J., concurs with opinion.

### CONCURRING OPINION

COOPER, J.—This matter comes to us for a judicial review of a finding and denial of award made by the Full Industrial Board of Indiana.

The record reflects the proper procedure was followed in this matter before the Board, and after a final hearing before the Full Industrial Board, the final award was made. Said award is as follows:

"BE IT REMEMBERED that pursuant to notice fixing the time and place therefor, this cause was set for hearing and review before the Full Industrial Board of Indiana, at 601 State Office Building, Indianapolis, Indiana, on the 8th day of October, 1968 at 9:00 A.M., on plaintiff's Form 16 application for review by the Full Board of the original award, filed on the 16th day of February, 1968.

"The plaintiff was represented by his attorney, Harold V. Jones, Jr. The defendant was represented by its attorney, Richard W. Guthrie.

"The Full Industrial Board of Indiana having heard the arguments of counsel, having reviewed all of the evidence in said cause, and being duly advised in the premises therein, now finds:

"That on the 29th day of July, 1966, the plaintiff was in the employ of the defendant, at an average weekly wage in excess of $75.00; that during his period of employment with the defendant herein, and particularly on the 29th day of July, 1966, the plaintiff did not sustain an accidental injury arising out of and in the course of his employment with the defendant herein;

"That subsequent thereto the plaintiff became afflicted with a back condition, which said affliction is due to conditions wholly unrelated to his employment with the defendant herein;

"That prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties.

"The Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form 9 application for the adjustment of claim for compensation, filed on the 18th day of July, 1967.

''AWARD

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that plaintiff shall take nothing by his Form 9 application for the adjustment of claim for compensation, filed on the 19th day of July, 1967.

"Dated this 28th day of October, 1968."

Within the time allowed, the appellant filed his Transcript and Assignment of Errors. The Assignment of Errors is as follows:

"The appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to the appellant, in this:

"1. The judgment and award are not sustained by sufficient evidence,

"2. The judgment and award are contrary to law."

The first assigned error presents no question for our consideration because Sec. 40-1512, Burns' Indiana Statutes, 1952 Repl., provides, in part:

". . . An assignment of error that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts."

See also, *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915; *Rhoden et al.* v. *Smith, etc., Elec. Co.* (1939), 107 Ind. App. 152, 23 N. E. 2d 306.

Furthermore, the finding of the Industrial Board was a negative one against the appellant and by such finding the said Board determined that the appellant had not sustained the burden of proof by evidence of probative value. Such finding cannot be successfully attacked on the basis that there

was a lack of evidence to support it, for a denial of an award against a party having the burden of proof does not rest upon the quantum of evidence. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116; *Scott* v. *Steene School Twp.* (1950), (T.D. 1951) 121 Ind. App. 206, 95 N. E. 2d 308.

I agree with the appellant's contention that whether or not an alleged injury may arise out of and in the course of a claimant's employment depends upon the particular facts and the circumstances of each case, *and the pertinent law applicable thereto.*

In reviewing the pertinent Act, I find that Sec. 40-1202, Burns' Indiana Statutes, 1952 Repl., provides, in part:

". . . every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death *by accident arising out of and in the course of the employment, and shall be bound thereby;* . . ." (our emphasis)

In the case of *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, at page 373, 44 N. E. 2d 998, in discussing the foregoing portion of the statute, this court stated:

"It will be noted that under this section of the statute an injury to be compensable must both arise out of and be in the course of the employment. Neither alone is enough.

"In the case of *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. 2d 499, we discuss rules that have been applied in a number of decisions in this and other jurisdictions for the purpose of determining whether the particular injury by accident was one 'arising out of' the employment.

"In the case of *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 434, 192 N. E. 762, this court quotes from *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind. App. 159, 147 N. E. 919, the following definition of when an accident occurs 'in the course of' the employment:

'This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place within the period of the employment, at a place where the employee

may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it.

"In the same opinion this court uses the following language in defining when an accident 'arises out of' the employment:

'Generally, an accident may be said to arise out of the employment, where there is a causal connection between it and a performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditions under which the employee works and the injury.'

"The phrase 'in the course of' points to the place and circumstances under which the accident takes place and the time when it occurs.

"In the case of *City of Chicago* v. *Industrial Com.* (1941), 376 Ill. 207, 210, 33 N. E. 2d 428, the Supreme Court of Illinois distinguishes between the two phrases in the following language:

'The words "arising out of" refer to the origin or cause of the accident and are descriptive of its character, while the words "in the course of" refer to the time, place and circumstances under which the accident occurs.'

"In the case of *D.A.Y. Construction Co.* v. *Smallwood* (1937), 104 Ind. App. 277, 10 N. E. 2d 750, this court adopts the definition set forth in *Lasear* v. *Anderson*, *supra*, as to when an accident occurs 'in the course of' the employment."

Therefore, it can be seen, under the foregoing doctrine, that it is not sufficient to merely show employment and an injury during the period of employment, but the claimant must go further and show by evidence having probative value, that the injury had its origin in a risk connected with his employment and that it flowed from that source as a rational consequence.

The factual question before the Board was, did the appellant prove facts by evidence having probative value, from which a reasonable inference could be drawn, that at the time

of the accident he was engaged in the performance of his duties for the appellee for which he had been employed, and whether the duties so being performed at the time of the accident were required by, or incidental to, the tasks he was employed to perform. See: *Rohlwing* v. *The Wm. H. Block Company* (1953), 124 Ind. App. 97, 104, 115 N. E. 2d 450.

It is the general rule of law in Indiana that this Court cannot disturb the decision of the Board, unless reasonable men will be bound to reach a different conclusion on the evidence. *Youngstown S. & T. Co.* v. *Rev. Bd. E.S.D.* (1954), 124 Ind. App. 273, 116 N. E. 2d 650.

This general rule is also well stated in the case of *Vendome Hotel* v. *Gibson* (1952), (T.D.) 122 Ind. App. 604, at 608, 105 N. E. 2d 906, wherein this Court stated:

> "In Professor Small's Workmen's Compensation Law of Indiana, Sec. 6.15, p. 144, the rule which should guide our decision is stated as follows:
>
> > 'Such acts as are reasonably necessary to the life, comfort, and convenience of a workman, though personal to himself, and not technically acts of service, may be incidental to service. If so, an accident occuring in the performance of such an act is deemed to have arisen out of the employment.'
>
> "This rule has been generally recognized by this Court, our Supreme Court, and a majority of the appellate tribunals of this country. The question presented here is primarily one of fact. Therefore, we should not disturb the finding of the Industrial Board unless the record is such that reasonable men could only reach a conclusion opposite that of the Board."

It is always the perogative of the Board, as the trier of the facts, to weigh the evidence and to reconcile any conflicts and inconsistencies appearing therein. The Board in the cause now before us, having performed that duty, we are not authorized to weigh the evidence, nor to substitute our own deductions for that of the Board. See: *Ziegler* v. *Tipton Lumber Co.* (1958), 128 Ind. App. 249, 252, 147 N. E. 2d 679.

By reason of what we have heretofore stated, and in light of the tremendous volume of judicial declarations forbidding us to do so, we are powerless to disturb the finding of the Board. See: *Couch* v. *Harmon, etc.* (1959), 129 Ind. App. 459, 463, 157 N. E. 2d 303, 305.

Under the evidence in the record before us, and the law applicable thereto, we are not in a position to state, as a matter of law, that the award of the Full Board is contrary to law, and therefore, the finding of the Board must be affirmed.

NOTE.—Reported in 251 N. E. 2d 449.