HENDRICKSON *v.* CONTRACTING & MATERIAL CO.

[No. 20,314. Filed January 11, 1966.]

---

*Norman R. Newman,* and *Dann, Backer & Pecar,* of Indianapolis, *Richard W. Guthrie,* and *Murray, Stewart, Irwin & Gilliom,* of Indianapolis, for appellee.

CARSON, J.—This is an appeal from an award from the full Industrial Board of Indiana affirming an award of the hearing member. The claim was originally filed on form 9 and the application for review on form 16. Following the affirmance by the full board, the appellant filed his bill of exceptions containing the evidence which was signed by the chairman of the board and thereafter filed as part of this appeal.

From the ruling of the full board the appellant assigns as error that the award of the full board was contrary to law. This assignment presents the entire case for our consideration.

The evidence presented to the board consisted of testimony of three witnesses, the appellant, plaintiff below, Dr. Everett G. Grantham by deposition and Les Johnson a steward on the job where the appellant was employed. The appellee offered no evidence.

This being an appeal from a negative finding of the Industrial Board an assignment that the award of the board was contrary to law requires us to consider only the evidence most favorable to the appellee. *Rauh & Sons Fertilizer Co. v. Adkins, et al.* (1955), 126 Ind. App. 251, 129 N. E. 2d 358.

The question upon which the case turned below is whether or not from the evidence the condition complained of by the appellant was the result of accidental injury arising out of and in the course of his employment. The finding of the hearing member which was affirmed by the full board was in substance that the plaintiff did not sustain an accidental injury arising out of and in the course of his employment and that any impairment or disability which he might have at the present time or will have in the future is wholly unrelated to his employment.

The Industrial Board as the trier of the facts had the right to believe that evidence which it finds creditable and by the same token the right to disbelieve such evidence as it does not find worthy. The board apparently did not feel that this case came within the principles heretofore announced by this court in the cases of *Standard Cabinet Co.* v. *Landgrave* (1921), 76 Ind. App. 593, 595, 596, 132 N. E. 661 and *American Maize Products* v. *Nichiporchik* (1940), 108 Ind. App. 502, 510, 511, 29 N. E. 2d 801. The evidence having been considered by the full board in a hearing *de novo* and the board having an opportunity to weigh the evidence and apply the law to the facts before it, reached a decision adverse to the claimant, we conclude that the decision of the full Industrial Board should be affirmed.

Judgment affirmed.

Prime, C. J., Wickens and Faulconer, JJ., concur.

NOTE.—Reported in 212 N. E. 2d 903.