LEWIS v. MARHOEFER PACKING COMPANY.

[No. 867A47. Filed March 24, 1969. No petition for rehearing filed.]

*Archie Lapin* and *Donald H. Dunnuck*, of counsel, Muncie, for appellant.

*Kightlinger, Young, Gray & Hudson*, Indianapolis, for appellee.

CARSON, J.—This is an appeal from an award of the Industrial Board of the State of Indiana, denying appellant compensation for an eye injury which appellant claims resulted

in industrial blindness as the result of an accident growing out of and in the course of his employment, and denying compensation covering one hundred and fifty (150) weeks on the basis of permanent partial impairment.

The record shows that plaintiff filed a Form 9 on January 29, 1965, for an injury which occurred on August 11, 1961. Following the injury, he received first aid on August 12, 1961; was sent to a doctor in Muncie, Indiana, several days later; was off work for three weeks for which he received compensation; and, subsequently sent to a specialist in Indianapolis, Indiana, on October 31, 1961. The Industrial Board approved a compensation agreement.

The case was first heard by a hearing member on September 21, 1965, and on January 12, 1966, the hearing member found:

"That on the 10th day of August, 1961, the plaintiff was in the employ of the defendant at an average weekly wage in excess of $65.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant, of which said accidental injury the defendant had knowledge and did pay for the statutory medical attention and supplies; that the said accidental injury consisted of an irritation of the left eye;

"That thereafter, on October 13, 1961, the Industrial Board of Indiana approved a compensation agreement entered into by said parties; that pursuant to the said compensation agreement the defendant paid plaintiff compensation at the rate of $39.00 per week for twenty-nine (29) days in the total sum of One Hundred Sixty-One Dollars and Fifty-Seven Cents ($161.57).

"It is further found that the plaintiff's temporary total disability on account of the said accidental injury of August the 10th, 1961, terminated on September 11, 1961.

"It is further found that the plaintiff's condition has now reached a permanent and quiescent state and that as a result of the said accidental injury of August 10, 1961, he has sustained no permanent partial impairment;

"That prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties.

"Said hearing member now finds for the defendant and against the plaintiff on plaintiff's Form 9 application for the adjustment of claim for compensation, filed on January 29, 1965."

The plaintiff filed application for review on Form 16 which was heard by the Full Board on July 5, 1967, and an award made on July 13th.

The pertinent part of the award of the Full Board, reads as follows:

"That on the 10th day of August, 1961, the plaintiff was in the employ of the defendant at an average weekly wage in excess of $65.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant, of which said accidental injury the defendant had knowledge and did pay for the statutory medical attention and supplies; that the said accidental injury consisted of an irritation of the left eye;

"That thereafter, on October 13, 1961, the Industrial Board of Indiana approved a compensation agreement entered into by said parties; that pursuant to the said compensation agreement the defendant paid plaintiff compensation at the rate of $39.00 per week for twenty-nine (29) days in the total sum of One Hundred Sixty-One Dollars and Fifty-Seven Cents ($161.57).

"It is further found that the plaintiff's temporary total disability on account of the said accidental injury of August the 10th, 1961, terminated on September 11, 1961;

"That plaintiff's condition has now reached a permanent and quiescent state and that as a result of the said accidental injury of August 10, 1961, he has sustained no permanent partial impairment;

"That prior to the filing of plaintiff's application, a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties.

"The full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form 9

application for the adjustment of claim for compensation, filed on the 29th day of January, 1965.

"AWARD

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the full Industrial Board of Indiana that plaintiff shall take nothing by his Form 9 application for the adjustment of claim for compensation, filed on the 29th day of January, 1965, and that he shall pay the costs, if any, taxed in said cause."

The evidence shows no conflict concerning the time, place and circumstances that required the first aid treatment and appellant's subsequent reference to the doctor in Muncie, the company doctor and Dr. Raab, the specialist in Indianapolis.

The sole assignment of error is that the award of the Full Industrial Board is contrary to law in that it is not supported by the evidence. This assignment presents the entire case for our consideration.

The record discloses that the pertinent evidence consisted of testimony by the claimant; the deposition of Dr. Frank M. Rabb; the deposition of Dr. Joseph J. Spaulding; and, the testimony of Dr. Donald W. Tharp. The evidence was conflicting on the question of whether or not the resulting impairment of the claimant's eyesight was caused by an accident which occurred during his employment for the appellee.

This being an appeal from a negative finding of the Board, the assignment of error requires us to consider only the evidence most favorable to the appellee. *Rauh & Sons Fertilizer Co. v. Adkins, et al.* (1955), 126 Ind. App. 251, 129 N. E. 2d 358.

Where this court had a similar responsibility in reviewing an award of the Full Industrial Board affirming an award of the hearing member, we said:

"The Industrial Board as the trier of the facts had the right to believe that evidence which it finds creditable and by the same token the right to disbelieve such evidence ■ as it does not find worthy. The board apparently did not feel that this case came within the principles heretofore announced by this court in the cases of *Standard Cabinet Co. v. Landgrave* (1921), 76 Ind. App. 593, 595, 596, 132 N. E. 661 and *American Maize Products v. Nichiporchik* (1940), 108 Ind. App. 502, 510, 511, 29 N. E. 2d 801. The evidence having been considered by the full board in a hearing *de novo* and the board having an opportunity to weigh the evidence and apply the law to the facts before it, reached a decision adverse to the claimant, we conclude that the decision of the full Industrial Board should be affirmed." *Hendrickson v. Contracting & Material Co.* (1966), 138 Ind. App. 193, 212 N. E. 2d 903.

For the reasons thus announced, we conclude that the decision of the Industrial Board should be affirmed. The costs are taxed against the appellant.

Lowdermilk, P. J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 245 N. E. 2d 685.