LeMASTERS *v.* EVANSVILLE-VANDERBURGH COUNTY
AIRPORT AUTHORITY DISTRICT

[No. 170A10. Filed November 4, 1970. Rehearing denied November 23, 1970. Transfer denied April 2, 1971.]

*Lee M. LeMay, David F. McNamar, Steers, Klee, Jay &*
*Sullivan,* of Indianapolis, for appellant-cross appellee.

Robert H. Hahn, Bamberger Foreman Oswald & Hahn,
of counsel, of Evansville, for appellee-cross appellant.

SULLIVAN, J.—In this review of a workmen's compensation
claim prosecuted by the widow of an airport assistant man-
ager, the negative award of the Industrial Board of Indiana
is assailed as being unsupported by the evidence and con-
trary to law. While the appellant assigns as error that the
award and order of the Industrial Board is not sustained
by sufficient evidence, such assignment presents nothing for
the consideration of this reviewing court. *Dooley* v. *Rich-
ard's Standard Service* (1969), 145 Ind. App. 470, 251 N. E.
2d 449. This claim arose as a result of the death of claim-
ant's decedent in a pickup truck owned by the appellee-
employer during return from an alleged business errand
In a hearing on a Form 10 Application of Dependents of
Deceased Employee for the Adjustment of Claim for Com-
pensation, it was the decision of the single hearing member,

" * * * that Plaintiff's decedent's said accident and in-
juries resulting in his death did not arise out of and in
the course of his employment with the Defendant herein;
that Plaintiff's decedent's death arose out of matters wholly
unrelated to his employment with said Defendant * * *. "

In review by the full Industrial Board the decision of the
single hearing member was affirmed.

Reduced to its essence, the only question presented is whether the evidence most favorable to the appellee is of such character and weight as to force a conclusion in the minds of reasonable men contrary to that reached by the Industrial Board. *Tichenor* v. *Bryant Lumber Co.* (1970), 147 Ind. App. 382, 261 N. E. 2d 78. *Hudgins* v. *Deeds* (1969), 145 Ind. App. 418, 251 N. E. 2d 478, relied upon by appellant is to be distinguished in this regard for there, an *affirmative* award by the Industrial Board was *upheld* by this court.

An additional contention was introduced by appellant in her "Additional Authorities" filed on the day oral argument was heard. Such contention was not advanced in the appellant's brief and we do not consider it other than to say that it is not supported by the authorities cited and is wholly without merit.

The evidence indicates that the decedent was at the time of his demise an employee of the appellee and that his duties included supervision of airport maintenance. As assistant manager, the decedent had no direct supervision except for frequent conferences with the airport manager concerning maintenance operations. The decedent also had no fixed hours of employment, although he ordinarily worked from between 6:00-6:30 A.M. to 5:00-5:30 P.M. As he was subject at all times to emergency call, airport rules required that he take a permanently-assigned 1966 Chevrolet station wagon home each night. During working hours in order to secure materials needed for maintenance jobs the decedent had authority to, and often did, leave the airport in one of the appellee's vehicles. It was the custom of the decedent, however, to call ahead to ascertain the availability of such materials from various suppliers.

On the day of the fatal accident, the decedent needed material to construct a yoke for a gang lawnmower assembly to be used at the airport. While he mentioned to a work crew foreman that he might search for the proper materials after

work that evening the decedent also indicated that the material could be obtained near Daylight, Indiana, approximately five miles from the airport. The decedent, however, drove a vehicle other than the one permanently assigned him, and one which he had admitted to be unsafe, to Oakland City, nearly 30 miles from the airport bypassing the town of Daylight en route. The truck was loaded with an overhead space heater which a friend had requested decedent to bring from Evansville. While in Oakland City he did inquire at a welding shop if the proprietor had material he could use for the lawnmower job. The remainder of the evening was spent in pleasurable pursuit with the testimony of appellee's witnesses placing him at numerous bars until the decedent departed on the fatal return trip.

While the appellant's assertion that the decedent made a 60 mile trip principally to inquire about materials for a job, and thus that the decedent was in the scope of employment at the time of his demise, is plausible, it is not compelling. Appellant alternatively argues that even if the decedent deviated from the scope and course of his employment by engaging in personal activities, i.e., delivering a space heater to Oakland City and in visiting various taverns, the deviation ceased and he re-entered the course and scope of employment when he embarked upon his return to Evansville. To be sure, the Industrial Board might well have adopted appellant's interpretation of the facts but the Board was not compelled as a matter of law to do so. The contrary interpretation of the facts is equally appropriate. It is reasonable to conclude, as did the Industrial Board, from the totality of circumstances, accompanied by all proper inferences, that the decedent was not fatally injured in an accident arising out of and in the course of his employment. By reason of our decision herein, we need not and do not consider appellee's cross appeal.

The decision of the Industrial Board is affirmed.

Lowdermilk, C.J. and Carson, J. concur.

Lybrook, J., not participating.

NOTE.—Reported in 263 N. E. 2d 301.