DONALD THRASHER *v.* MARHOEFER PACKING COMPANY.

[No. 871A147. Filed January 10, 1972.]

*Archie Lapin, Lapin & Koor,* of Muncie, for appellant.

*John T. Lorenz, Howard J. DeTrude, Jr., Frank I. Magers, Kightlinger, Young, Gray & Hudson,* of counsel, of Indianapolis, for appellee.

ROBERTSON, J.—Claimant Thrasher is appealing from an award of the full Industrial Board, the pertinent part of which reads:

"That on May 17, 1967, plaintiff was in the employ of the defendant herein but did not suffer an accidental injury arising out of and in the course of his employment by the defendant.

That on November 5, 1968, the plaintiff was in the employ of the defendant herein at an average weekly wage in excess of the maximum of $85; that on said date the plaintiff sustained an accident and injury arising out of and in the course of his employment by the defendant, of which the defendant had knowledge but has not paid all of the statutory medical expenses resulting from said injury.

It is further found that as a result of said injury plaintiff was temporarily totally disabled for a period beginning March 19, 1969, to August 11, 1969.

It is further found that plaintiff's injury has reached a permanent and quiescent state and that he has sustained no permanent partial impairment as a result of said accident on November 5, 1968.

The full Industrial Board of Indiana now finds for the plaintiff and against the defendant on plaintiff's Form 9 application filed herein on February 27, 1969.

## AWARD

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the full Industrial Board of Indiana that the plaintiff shall have and recover from the defendant compensation at the rate of $51 per week, beginning March 19, 1969, to August 11, 1969, for his temporary total disability as a result of his accidental injury of November 5, 1968."

The decision reversed an earlier award of a single member of the Board which had found Thrasher suffered a permanent partial impairment of ten percent of the man as a whole. The earlier award also found that Thrasher sustained an injury arising out of and in the course of his employment on the 17th of May, 1967.

Thrasher had consulted a neuro-surgeon regarding the pain arising from the May, 1967, incident. As a result, a disc was removed in November of 1967. Thrasher complained of further discomfort when, on the 5th of November, 1968, he "rehurt" his prior injury. Further consultation with the same doctor resulted in further surgery at the same location of the back occurring in April, 1969.

A brief summary of the neuro-surgeon's impairment rating of Thrasher disclosed considerable scar tissue at the site of the first surgery with the neighboring two lumbar discs being normal. The report concluded:

"(1). Lumbar disc protrusion, post-operative status: 5% impairment of the whole man.

(2). Restricted lumbar spinal motility: 17% impairment of the spine and 10% impairment of the whole man. Combining and rounding the above values allows me to estimate Mr. Thrasher's permanent partial impairment at 15% of the whole man."

Another doctor found Thrasher to be feigning illness, either subconsciously or consciously. This examination was prior to the second surgery.

Yet another physician testified that a probability of 10% to 15% impairment could exist as a result of disc surgery. This physician had not examined Thrasher for an impairment rating.

Thrasher's position is the award of the full Industrial Board is contrary to law in that it is not supported by sufficient evidence. This proposition is further divided into two parts:

1. Is there any substantial evidence to support the finding by the Industrial Board that there was no permanent partial impairment as a result of the accident on the 5th of November, 1968;

2. Is there evidence that Thrasher had no permanent impairment from the first (16th of November, 1967) but did have permanent impairment after the second (April 1, 1969) surgery as to force a conclusion opposite that reached by the board.

Thrasher's appeal is from a negative judgment, in particular, the failure of the Board to find a permanent partial impairment. This being the situation all that is required to affirm the findings of the Board is to determine if there is any evidence to sustain the Board's decision. *Rauh & Sons Fertilizer Co.* v. *Adkins, et al.* (1955), 126 Ind. App. 251, 129 N. E. 2d 358. *Hendrickson* v. *Contracting & Material Co.* (1966), 138 Ind. App. 193, 212 N. E. 2d 903. *LeMasters* v. *Evansville-Vanderburgh Co. Air. A. Dist.* (1970), 147 Ind. App. 674, 263 N. E. 2d 301.

Reduced to its essence the Board found, based upon the testimony of Thrasher's doctor, that the second injury revealed

that his pain and discomfort arose from the scar tissue which was a result of the first surgery. Since that surgery was a result of an injury which did not arise out of and in the course of employment there could be no permanent partial impairment attributable to the Marhoefer Packing Company.

Thrasher also complains of the deficiency of the Board's findings in that it does not comply with the following statute:

"SUBSEQUENT PERMANENT INJURY — AGGRAVATION—AMPUTATION.—If an employee has sustained a permanent injury either in another employment, or from other cause or causes than the employment in which he received a subsequent permanent injury by accident, such as specified in Section 31, he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, That if the permanent injury for which compensation is claimed, results only in the aggravation or increase of a previously sustained permanent injury or physical condition, regardless of the source or cause of such previously sustained injury or physical condition, the board shall determine the extent of the previously sustained permanent injury or physical condition, as well as the extent of the aggravation or increase resulting from the subsequent permanent injury, and shall award compensation only for that part of said injury, or physical condition resulting from the subsequent permanent injury. . . ." IC 1971, 22-3-3-12, Ind. Ann. Stat. § 40-1305 (Burns' 1965).

This court cannot agree with Thrasher's contention in this regard. To bring this particular statute into play in the instant case would be contradictory with the Board's finding that there was not an accident occurring on the 17th of May, 1967, which arose out of and in the course of Thrasher's employment.

Having heretofore found that the decision of the Board is based upon sufficient evidence of probative value, its decision and award is hereby affirmed.

Hoffman, C. J., and Lowdermilk, J., concur.

NOTE.—Reported in 277 N. E. 2d 174.