Linda A. BORTH, Appellant–
Respondent,

v.

Paul W. BORTH, Appellee–Petitioner.

No. 06A04–0311–CV–561.

Court of Appeals of Indiana.

April 27, 2004.

George A. Lohmeier, Jason A. Childers, Allen Wellman McNew, Greenfield, IN, Attorneys for Appellant.

Paul S. Kruse, Carol Sparks Drake, Monica S. Doerr, Parr Richey Obremsky & Morton, Lebanon, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Linda Borth (Mother) appeals the trial court's order on the petition to modify filed by Paul Borth (Father), raising the following issues for review:

I. Whether the trial court erred in modifying the parties' agreement with regard to the college expenses of their eldest daughter, Sarah.

II. Whether the trial court erred in modifying the amount of child support Father was required to pay to Mother.

III. Whether the trial court erred in not requiring Sarah to be responsible for a portion of the expense related to her education.

IV. Whether the trial court erred in ordering the parties to pay for a vehicle for Sarah.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother and Father were married in 1974 and divorced in 1994. They had two children, Sarah and Katherine. The dissolution decree incorporated the parties' settlement agreement.

In the settlement agreement, the parties agreed to share joint legal custody and to have equal physical custody on alternating weeks. The parties also agreed to an amount of child support. The Agreement further provided:

"7. *Post–Secondary Education:* Each of the parties agree that they will share in the future post-secondary educational expenses incurred by each of the minor children in such sum as would be appropriate for a student attending a state support [sic] Indiana University, unless otherwise agreed, in shares proportionate to their incomes which are 63% for the Petitioner and 37% for the Respondent."

*Appellant's Appendix* at 31. The Agreement also required any modification to be in writing to be effective. Subsequently, the parties modified support matters at various times by agreement.

While Sarah was a senior in high school, Father took her to visit four colleges, in-

cluding Baylor University, a private school in Texas. Mother knew of these trips and helped with one of them by providing transportation for Katherine to join them. Ultimately, Sarah decided to attend Baylor and matriculated in August 2002. Mother drove Sarah to Baylor to begin school there.

Mother, however, refused to pay 37% of the cost of Baylor, and instead insisted that her responsibility was capped at 37% of the cost of attending Indiana University.[1] Father filed a motion for rule to show cause and a petition to modify. Father also sought contribution toward the costs of a car for Sarah after her freshman year at Baylor, when she moved off campus.

After a hearing, the trial court maintained the custody arrangement between the parties and ordered Mother to pay 37% of the cost of Sarah's freshman year at Baylor and 40% of her expenses, including tuition, room and board, books, fees, and an automobile, every year thereafter. The court also reduced Father's child support to reflect the fact that Sarah was no longer living at home with Mother.

Mother now appeals.[2]

## DISCUSSION AND DECISION

 Mother requested findings and conclusions. Our standard of review of special findings pursuant to Ind. Trial Rule 52(A) mandates we first determine whether the evidence supports the findings and then whether the findings support the judgment. *DeBoer v. DeBoer*, 669 N.E.2d 415, 420 (Ind.Ct.App.1996), *disapproved of on other grounds by Merritt v. Merritt*, 693 N.E.2d 1320 (Ind.Ct.App.1998). Because the trial court is charged with deter-

mining the credibility of the witnesses, the findings or judgment will not be set aside unless clearly erroneous. *Id.* Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law. *Id.*

Mother first contends that the trial court erred in modifying the parties' settlement agreement with regard to Sarah's college expenses. She contends that the trial court erred in finding that the parties modified their agreement when she agreed that Sarah should attend Baylor.

 Upon dissolution, parties may enter settlement agreements encompassing issues of maintenance, disposition of property, and the custody and support of the parties' children. IC 31–15–2–17(a); *DeBoer*, 669 N.E.2d at 420. Such agreements are contractual in nature and binding. *DeBoer*, 669 N.E.2d at 420. Parties to a dissolution are also free to include provisions for payment of college expenses within their settlement agreement, but these provisions are modifiable by the trial court. *Id.* at 423. *See also Hay v. Hay*, 730 N.E.2d 787, 791–92 (Ind.Ct.App.2000) (provisions for payment of college expenses are modifiable).

 Trial courts are vested with broad discretion in ruling on child support. *Dillon v. Dillon*, 696 N.E.2d 85, 87 (Ind.Ct.App.1998). IC 31–16–8–1 provides that a trial court may modify a support order upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. We will reverse a decision regarding modification of child support only where it is clearly against the logic and effect of the facts and circumstances that were before the trial court.

---

1. The parties stipulated that the cost of Sarah attending Baylor was $23,000 per year, while the cost of attending Indiana University was $12,300.

2. We hereby deny Mother's request for oral argument, because we find the parties' excellent briefs adequately address the issues before us.

*Hay,* 730 N.E.2d at 792; *Dillon,* 696 N.E.2d at 87. The petitioner bears the burden of proving a substantial change in circumstances justifying modification. *Hay,* 730 N.E.2d at 793.

In *Hay,* the father argued that the enrollment of the parties' child in a post-secondary education program was a substantial change in circumstances justifying a modification of support. We agreed with this proposition in cases where the parties have not made provision for college expenses or have been unable to reach an agreement. We explained that in such cases, the trial court may require the parents to pay such expenses upon a petition to modify a support order, taking into consideration the child's ability and the parties' financial positions. However, we distinguished cases where the parties have agreed and the child support order provides for payment of college expenses. In these cases, we noted that the mere fact that a child actually enrolls in college is not a change in circumstances because the enrollment was contemplated by the parties. We explained that the court need not modify support in accordance with the computation based on the guidelines if the change in circumstances was contemplated at the time of the existing child support order, and we held that because the parties' agreement provided for the payment of education expense and because the relative income of the parties had not changed substantially, the father failed to show a substantial change in circumstances justifying modification of the child support order. *Hay,* 730 N.E.2d at 793–94.

■ Unlike in *Hay,* the parties here did not agree as to the issue of post-secondary educational expenses. Their agreement does not specify how the expenses in excess of those attributed to attendance at an in-state post-secondary school should be apportioned. Moreover, while the parties'

relative financial position has not changed substantially, their overall financial position has changed dramatically. At the time of the dissolution, Mother earned $41,000 and Father earned $81,800. At the time of the hearing on Father's petition, father earned $140,000 and Mother earned $91,000. This 89% increase in the parties' income, coupled with Sarah's decision to attend an out-of-state institution, represents a substantial change of circumstances justifying modification of the support order.

■ Mother's argument centers on the premise that the trial court found that she agreed to pay for the expense of Sarah attending Baylor. However, the trial court was not enforcing the parties' agreement. To the contrary, it was modifying the agreement based on a substantial change of circumstances. Under IC 31–16–8–1, this was permissible without regard to whether Mother agreed to a greater financial burden than that specified in the settlement agreement. Where trial court findings on one legal theory are adequate, findings on another legal theory amount to mere surplusage and cannot constitute a basis for reversal even if erroneous. *Roser v. Silvers,* 698 N.E.2d 860, 863 (Ind.Ct.App.1998). The trial court's finding on the issue of the parties' agreement to alter their settlement agreement is unnecessary to its holding and merely surplusage. Accordingly, it cannot be the basis of reversible error.

Nonetheless, the evidence showed that at the very least, Mother knew of Sarah's intention to attend Baylor and physically transported her there without voicing any objection. After the fact, the trial court can make the determination as to how the parties should share this financial burden. The evidence was sufficient to support the modification.

■ In spite of our holding in this case, we urge trial courts to embark with caution when modifying an agreement to require parties who have agreed to pay for an in-state college education to pay for expenses at an out-of-state institution. We recognize that individuals make financial planning decisions years in advance of known financial burdens, and increasing these burdens at the eleventh hour could certainly work an inequitable hardship in certain circumstances. Nonetheless, here, because of Mother's prior knowledge and participation in Sarah's college decision, we believe that the trial court did not err in this case.[3]

■ Mother next asserts that the trial court erred in modifying the amount of child support Father was required to pay to Mother. Here, the trial court reduced Father's child support obligation from one hundred dollars per week to thirty-five dollars per week to reflect the fact that Sarah was away at college and only at Mother's home sixteen weeks each year.

■ IC 31–16–6–2(b) states that if the court orders support for a child's educational expenses at an institution of higher learning, the court *shall* reduce other child support for that child that is duplicated by the educational support order and would otherwise be paid to the custodial parent. (Emphasis added.) Accordingly, the trial court *must* consider full or partial abatement of a parent's basic child support obligation where the parent is also obligated to pay a portion of the child's college expenses in addition to child support.

*Hay,* 730 N.E.2d at 795. This avoids the duplication of payment for a single expense, resulting in a windfall to the custodial parent. *Id.* Failing to consider a full or partial abatement constitutes an abuse of discretion. *See In re Marriage of Tearman,* 617 N.E.2d 974, 977 (Ind.Ct.App. 1993).

Here, Father was ordered to pay 60% of Sarah's educational expenses and was also paying child support to Mother for Sarah. Under the circumstances, the trial court was *required* to consider a modification given Sarah's attendance at school. It did not abuse its discretion in modifying the amount to avoid duplication of payments by Father for a single expense.

■ Mother also argues that the trial court erred in not requiring Sarah to be responsible for a portion of the expense related to her education. Generally, the trial court should determine how much of the total expense of post-secondary education may reasonably be borne by the child and how much should be borne by the parents. *Gilbert v. Gilbert,* 777 N.E.2d 785, 794 (Ind.Ct.App.2002). However, Mother did not raise this argument before the trial court. A party may not advance a theory on appeal which was not originally raised at the trial court. *Hay,* 730 N.E.2d at 793. Accordingly, Mother may not raise this argument for the first time here.

■ Finally, Mother maintains that the trial court erred in ordering the parties to pay for a vehicle for Sarah. However, the trial court found that it was

3. Mother points out minor inconsistencies in the trial court's order, such as a finding that the parties' incomes were proportioned 60/40, but ordering that Sarah's college expenses be divided 63/37 the first year and 60/40 thereafter. We do not find these inconsistencies to give rise to reversible error. We have explained that if the trial court determines that an order for college expenses is appropriate, the parents' contributions should be roughly proportional to their respective incomes. *Claypool v. Claypool,* 712 N.E.2d 1104, 1109 (Ind.Ct.App.1999), *trans. denied* (2000). The trial court's allocation certainly fulfills the "rough proportionality" requirement.

necessary for Sarah to have a vehicle at school because she lived off campus. Although Mother disagreed with this assessment, this finding is clearly supported by Father's testimony regarding Sarah's living arrangements at Baylor after her freshman year. Moreover, the trial court has discretion to determine what is included in college expenses and also whether it is proper for a child to pay some portion of these expenses. *Warner v. Warner*, 725 N.E.2d 975, 979 (Ind.Ct.App.2000). We cannot say that the trial court abused its discretion here in including the cost of a vehicle in Sarah's college expenses and ordering Mother and Father to share this expense.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.