## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Nov 13 2015, 8:41 am
*Kevin S. Smith*
**CLERK**
of the supreme court, court of appeals and tax court

---

ATTORNEY FOR APPELLANT

Ronald E. Weldy
Weldy Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

David L. Byers
Andrew J. Noone
Holwager, Byers, & Caughey
Beech Grove, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Lester Spoon,<br>*Appellant-Defendant,*<br><br>v.<br><br>ATF Logistics, LLC,<br>*Appellee-Plaintiff.* | November 13, 2015<br><br>Court of Appeals Case No.<br>30A04-1412-PL-571<br><br>Appeal from the Hancock Circuit Court<br><br>The Honorable Richard D. Culver, Judge<br><br>Trial Court Cause No.<br>30C01-0909-PL-1043 |

**May, Judge.**

Lester Spoon was a truck driver who drove for ATF Logistics, sometimes as an employee and sometimes as an independent contractor. He alleges on appeal the trial court should have entered judgment in his favor as to certain deductions from his pay, ATF's last payment to Spoon was late, and the trial court awarded too little in attorney fees.[1] We affirm.

## Facts and Procedural History

Lester Spoon was a truck driver for ATF Logistics, a trucking company in Hancock County. He began working for ATF in July 2007 and signed a "Company Driver Contract" at that time. He was an employee until February 5, 2008, on which date he changed his status to independent contractor. On April 25, 2008, he signed a new Company Driver Contract and became an employee again. He ended his employment with ATF on July 9, 2008. His final paycheck was written on July 22, and it was mailed to him.

Spoon sued ATF in September 2009, claiming improper deductions were made from his pay, he was not paid at the agreed-on mileage rate, and his final pay was not timely. Spoon's independent contractor agreement listed various charges for which the contractor was responsible. His Company Driver Contract, by contrast, did not require the employee-driver to pay such charges. The trial court accordingly found a number of ATF's deductions from Spoon's

---

[1] In his Statement of the Case Spoon asserts ATF violated the Wage Payment Statute by "failing to pay Mr. Spoon at the agreed upon mileage rate." (Br. of Appellant at 1.) As we can discern no argument on that matter in his appellate brief, we do not address it.

pay were appropriate because Spoon was an independent contractor when the charges were incurred and the deductions made. It found other charges were inappropriate because Spoon was an employee at the time.

## Discussion and Decision

[4] The trial court entered findings of fact and conclusions of law. Our standard of review of special findings pursuant to Ind. Trial Rule 52(A) mandates we first determine whether the evidence supports the findings and then whether the findings support the judgment. *Borth v. Borth*, 806 N.E.2d 866, 869 (Ind. Ct. App. 2004). Because the trial court is charged with determining the credibility of the witnesses, the findings or judgment will not be set aside unless clearly erroneous. *Id*. Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law. *Id*.

[5] We give due regard to the trial court's ability to assess the credibility of witnesses. *Perrine v. Marion Cnty. Office of Child Servs.*, 866 N.E.2d 269, 273 (Ind. Ct. App. 2007). We defer substantially to findings of fact, but do not do so to conclusions of law. *Id*. at 273-74. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Id*. at 274.

### When Spoon was an Employee

[6] Spoon argues the trial court erred in finding certain deductions were legally taken from his paycheck because it did not correctly determine the dates he was

an employee rather than an independent contractor.[2]  Spoon's argument is an invitation for us to reweigh the evidence, and we will not do so.  *See, e.g.*, *id.* at 273 (reviewing court does not reweigh the evidence, and considers the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment).

[7]     The trial court found Spoon began his employment at ATF on July 2, 2007, became an independent contractor on February 5, 2008, terminated the independent contractor agreement and entered into a new "Company Driver Contract" on April 25, 2008,[3] and was again an employee until he resigned effective July 9, 2008.  The trial court's findings were supported by evidence in the form of dated documents Spoon signed.  We acknowledge testimony to

---

[2]  Spoon's counsel presents as "facts" in his Statement of Facts that he was an employee from June 2007 until February 10, 2008, and again from April 14, 2008 until July 9, 2008.  He does not acknowledge in his Statement of Facts that the trial court found different employment dates or that there was any evidence that could permit that finding.  That violates Ind. Appellate Rule 46(A)(6), which provides the statement of the facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed.  We are particularly concerned about Spoon's violation in this case, as the dates when Spoon was an employee are determinative of the outcome of certain of his allegations of error on appeal.

[3]  Spoon's counsel does not acknowledge the April 25 date in his Statement of Facts, even though the trial court explicitly found Spoon signed the second Company Driver Contract that day.  He instead acknowledges only evidence he "was again an employee of ATF *from April 14, 2008* until he resigned."  (Br. of Appellant at 5) (emphasis added).  The signature page of the second Company Driver Contract is dated April 25, but that page is notably absent from Spoon's Appendix; his Appendix includes only the first page of that five-page contract, and the date of the contract is on page five.  The Appellee's appendix included the entire contract.

Spoon's incomplete appendix impaired our review, and violates App. R. 50(A)(2)(g), which requires inclusion of "essential portions of a contract . . . that are important to a consideration of the issues raised on appeal."  We remind Spoon's counsel that the purpose of the appendix is to present us with "parts of the record on appeal that are necessary for the Court to decide the issues presented."  (App. R. 50(A)(1)).  That purpose is frustrated when the appendix includes only self-serving information and excludes crucial information on which the trial court's judgment was based.

which Spoon directs us indicating different employment dates, but we will not reweigh the evidence. We remind Spoon that the trier of the fact has the right to believe that evidence it finds creditable and by the same token the right to disbelieve evidence it does not find worthy. *See Hendrickson v. Contracting & Material Co.*, 138 Ind. App. 193, 195, 212 N.E.2d 903, 904 (1966).

[8] That is so even if an item of evidence is not expressly or directly denied or refuted:

> [E]ven though a particular item of evidence is not expressly or directly contradicted this does not prevent the trier from taking into consideration all of the other evidence including circumstances and surroundings that might in any way affect the weight or credibility of such evidence and the trier may disregard oral evidence if considered unreasonable or inconsistent with facts and circumstances shown by the other evidence in the case.

*Wright v. Peabody Coal Co.*, 225 Ind. 679, 687, 77 N.E.2d 116, 119 (1948).

[9] Spoon challenges deductions from his pay for the pay periods February 5-11, 2008, April 15-21, 2008, April 22-28, 2008, and July 8-14, 2008. The evidence before the trial court supported its determination Spoon was an independent contractor during the first three of those periods and his independent contractor agreement permitted the deductions.[4] We may not reweigh that evidence and we accordingly find no error.

---

[4] Spoon argues the deductions from his wages violated the Wage Deduction Statute because the statute requires, before an employer may deduct money from an employee's wages, "[h]aving the employee sign a

As for the deduction attributed to July 2008, when Spoon was again an employee, the Company Driver Contract Spoon signed on April 25, 2008 provided he would be charged a "retrieval fee" for equipment belonging to ATF that it had to retrieve. The trial court heard testimony that Spoon "basically abandoned [ATF's] truck at a truck stop with the keys in it," and ATF had to recover the truck. (Tr. at 68.)

Spoon asserts, without explanation or citation to authority, "factually there was never a question that . . . the deductions were in violation of the Wage Deduction Statute." (Br. of Appellant at 15.) Spoon has waived that allegation of error. When a party does not provide cogent argument and citation to legal authority, its argument is waived for appellate review. *See, e.g., Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 730 (Ind. Ct. App. 2009) (party provided no cogent argument explaining why the trial court's omission was erroneous, nor did he support his allegation of error with citation to legal authority: "[t]his does not comply with our rules, which require that contentions in a brief be supported by cogent reasoning and citations to legal authorities. App. R. 46(A)(8)(a). Thus, these issues are waived."). We accordingly cannot address Spoon's suggestion contractual retrieval charges to which Spoon agreed are

written agreement." (Br. of Appellant at 9.) The statute on which Spoon relies, Ind. Code § 22-2-6-2, applies to an "assignment of the wages of *an employee*," (emphasis added), and the trial court found improper the deductions made while Spoon was an employee. We therefore do not address that allegation of error.

necessarily "deductions . . . in violation of the Wage Deduction Statute." (Br. of Appellant at 15.)

### The Last Paycheck

[12] Ind. Code § 22-2-5-1(b) provides payment shall be made for all wages earned to a date not more than ten business days prior to the date of payment. If an employee voluntarily leaves employment, as did Spoon, the employer is not required to pay the employee an amount due the employee until the next usual and regular day for payment of wages, as established by the employer. *Id*. In Spoon's case, that was July 22, 2008.

[13] ATF's check to Spoon was dated July 22, 2008. There was no provision for direct deposit of the check to Spoon's account. There was evidence before the trial court that Spoon could have picked up the check, but he did not, so it was mailed to him. He cashed it on August 11, 2008.

[14] The record reflects Spoon's last paycheck was written and available to him within the statutory time limit. He offers no argument supported by legal authority to the effect there is no "payment" of a check that is written in a timely manner and timely available to the former employee unless the employee receives it within that time period, in this case the same day the check was written. He has therefore waived that allegation of error. *See Vandenburgh*, 916 N.E.2d at 730 (contentions in a brief are waived if not supported by cogent reasoning and citations to legal authorities). We express no opinion regarding when "payment" takes place when a final paycheck is timely issued but not

received by a former employee until after the due date.  But in light of the record before us, we must decline Spoon's apparent invitation to hold there is no "payment" unless a check is cashed, or at least received, on the same day it is issued.

### *Attorney Fees*

Ind. Code § 22-2-5-2 provides when an employer does not pay wages to an employee as provided in Ind. Code § 22-2-5-1 and the employee brings suit and recovers the amount due, "the court shall order as costs in the case a reasonable fee for the plaintiff's attorney and court costs."  The trial court found Spoon had shown $664.90 had been wrongly deducted from his pay, so he was entitled to liquidated damages of $1,329.80, or double the amount of the deductions.  *See id* ("the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee").  It then found $500 was a reasonable attorney fee.[5]  Spoon's counsel had asked for over $13,000.

We review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard.  *In re Moeder*, 27 N.E.3d 1089,

---

[5]  In its original judgment of July 28, 2014, the trial court awarded Spoon liquidated damages of $1,829.80, which represented the liquidated damages plus the $500 in attorney fees.  Spoon moved to correct error, arguing in part that the judgment should be increased by the amount of the wrongful wage deductions on which the liquidated damages were based, $664.90.  The trial court agreed and issued an amended judgment on November 7, 2014 reflecting a judgment of $2,494.70.

1103 (Ind. Ct. App. 2015), *reh'g denied, trans. denied sub nom. In Matter of Irrevocable Trust of Mary Moeder*, 37 N.E.3d 960 (Ind. 2015). What constitutes reasonable attorney fees is a matter largely within the trial court's discretion. *Id.* As the judge is considered an expert, we continue to adhere to the view that the judge may judicially know what a reasonable fee is. *Id.*

[17] A trial court has abused its discretion if its decision clearly contravenes the logic and effect of the facts and circumstances or if the court has misinterpreted the law. *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012). As such, we continue to review for clear error any findings of fact and *de novo* any legal conclusions on which the trial court based its decision. *Id.* We do not reweigh the evidence, but instead determine whether the evidence before the trial court could serve as a rational basis for its decision. *DePuy Orthopaedics, Inc. v. Brown*, 29 N.E.3d 729, 732 (Ind. 2015), *reh'g denied*. The trial court's attorney fee award was not clearly erroneous or otherwise an abuse of discretion.[6]

[18] Our Rules of Professional Conduct give us guidance as to factors to be considered in determining the reasonableness of attorney fees. *Benaugh v.*

---

[6] In addition to attorney fees, Spoon asserts the trial court erred in "failing to award any costs in this matter beyond the filing and service fees," (Br. of Appellant at 21), and he asserts on appeal he was also entitled to recover postage, copying costs, and Lexis charges. He was not. Ind. Code § 22-2-5-2 provides the court "shall order as costs in the case a reasonable fee for the plaintiff's attorney and court costs." "Costs" is a legal term of art that includes only filing fees and statutory witness fees. *Van Winkle v. Nash*, 761 N.E.2d 856, 861 (Ind. Ct. App. 2002), so absent "manifest contrary legislative intent, the term 'costs' must be given its accepted meaning which does not include litigation expenses." *Id.*

*Garner*, 876 N.E.2d 344, 347 (Ind. Ct. App. 2007), *trans. denied*. Ind. Professional Conduct Rule 1.5(a) lists non-exclusive factors to be considered: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

[19] The trial court is entitled to consider the amount involved in the lawsuit in determining the reasonableness of the requested fees, but the trial court abuses its discretion if it reduces an otherwise reasonable fee request based on the amount of the judgment. *Benaugh*, 876 N.E.2d at 348 (Ind. Ct. App. 2007). In determining the reasonable value of the legal services rendered, the time expended by the attorney alone is not a controlling factor. Consideration may also be given to the general quality of the effort expended by the attorney. *Galanis v. Lyons & Truitt*, 715 N.E.2d 858, 862 (Ind. 1999).

[20] Spoon's counsel relies throughout his argument on *Alvis v. Prof'l Account Serv., Inc.*, 2010 WL 3853339 (Ind. Ct. App. 2010), an unpublished disposition. We remind counsel that Indiana Appellate Rule 65(D) prohibits the use of

memorandum decisions as precedent and permits the citation of such decisions only by the parties to the case and only to establish *res judicata*, collateral estoppel, or law of the case. We therefore will not consider argument based on that decision.[7] We will, however, consider decisions to which counsel directs us as relied on in the *Alvis* disposition to the extent they are helpful.

[21] The purpose of the Ind. Code § 22-2-5-2 fee shifting provision is to deter employers from playing "fast and loose with wage obligations" by imposing treble damages and attorney's fees for non-compliant employers. *R.L. Turner Corp. v. Wressell*, No. 06A05-1411-PL-540, 2015 WL 5438398, at *10 (Ind. Ct. App. 2015) (quoting *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 706 (Ind. 2002)). As explained above, we cannot say ATF played "fast and loose" with its obligations toward Spoon. The trial court listed, by exhibit, all the wage deductions Spoon challenged. It found three were proper and five were not. Whether the deductions were appropriate turned on whether Spoon

---

[7] We note Spoon's counsel continued to rely on *Alvis* as precedent in his reply brief, even after ATF pointed out in its Appellee's brief that such reliance was a violation of our appellate rules. Not only did counsel twice attempt to use that unpublished opinion on appeal, the transcript reflects he also attempted to use it, or some other unpublished opinion at trial, apparently aware such use might be inappropriate:

> Finally Your Honor with regard to attorneys fees I know that the (inaudible) decision is unpublished obviously. . . . I simply want to make Your Honor aware that this has happened to me in the past where I've gotten this kind of attorney's fee award versus the amount of time that I put in a case and it's been overturned.

(Tr. at 95-96.) We admonish counsel to re-familiarize himself with our appellate rules so that violations such as this one, and the numerous other serious violations noted in our opinion above, might be avoided.

was an employee or independent contractor at the time of the deduction, and the testimony and documentary evidence presented at trial reflected some disagreement regarding Spoon's status on those dates.

[22] As noted above, we cannot say Spoon's final paycheck was late. The trial court rejected Spoon's claim he was not paid at the agreed-on mileage rate, which claim Spoon does not pursue on appeal. In short, the record does not indicate ATF needed to be deterred from playing "fast and loose" with its obligations toward Spoon. *And see id*. at \*11 (acknowledging "the policy dilemma faced by lawmakers in striking an appropriate balance between (1) creating a mechanism which helps employees vindicate wage claims and (2) the risk of exploitation of that mechanism by attorneys to the detriment of employers").

[23] The trial court heard testimony that called into question some of the attorney fees Spoon's counsel sought to recover. ATF's counsel questioned Spoon's counsel about a charge of two hundred dollars for review of a "five or six sentence, one page motion," and why ATF should pay for counsel's review of a motion that "involves [Spoon] not prosecuting the case"?[8] (Tr. at 49.) Spoon's counsel conceded he had not sent any discovery motions to ATF's counsel, though he said he had "at one point in time did draft some discovery. I did not send it out." (*Id.* at 50.) Spoon's counsel was asked why his time entries

---

[8] ATF asserts nothing was done "to move this matter forward from October 22, 2009, until August 21, 2013. This required ATF to file a motion to dismiss pursuant to Trial Rule 41, which Spoon's counsel charged $200 to read." (Br. of Appellee at 23.)

showed he had been working on ATF's discovery motion the year before but "they weren't mailed to my office until last week," (*id.*), and counsel replied: "Inadvertent mistake."

Nor can we say the relatively low award was an abuse of discretion in light of the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly. *See* Prof. Cond. R. 1.5(a). As the discussion above indicates, this was a dispute over a relatively small amount of money and all aspects of the dispute turned on the resolution of simple fact questions about calendar dates and contractual provisions. We agree with ATF that this was "a relatively simple wage claim argument, wherein only two witnesses were called." (Br. of Appellee at 22.)

We cannot say the trial court's award of $500, rather than the over $13,000 Spoon requested, was an abuse of discretion.

## Conclusion

There was evidence to support the dates when Spoon was a private contractor and we will not reweigh it. Spoon did not establish his last paycheck was late, and the amount of attorney fees awarded him was not an abuse of discretion. We therefore affirm.

Affirmed.

Crone, J., and Bradford, J., concur.